S. JEROME BLACK v. DIANE P. BLACK

No. 8820DC1315

(Filed 6 June 1989)

1. **Divorce and Alimony § 30— equitable distribution—rental value of residence for post-separation period—failure to award—no error**

    The trial court did not err in an action for divorce and equitable distribution by denying defendant's application for judgment against plaintiff for one-half of the fair rental value of the residence of the parties from the time of the separation through the date of the hearing. A trial court may not award

BLACK v. BLACK

[94 N.C. App. 220 (1989)]

rental value of the marital residence for the post-separation period as a part of the equitable distribution proceeding.

2. **Divorce and Alimony § 30— equitable distribution—valuation of a truck—valuation of truck lease—no error**

The trial court did not err in an action for divorce and equitable distribution by assigning a value of $200 to a 1982 Ford LTL 9000 truck as of the date of separation where the court found that the truck had a value of $34,500 and was encumbered by a lien in the amount of $34,300. The court did not err by also finding that plaintiff had leased the truck and that the lease had a fair market value of $29,444 where the value of the lease was supported by competent evidence in the record, and the truck and the lease were two separate items of property.

APPEAL by plaintiff and defendant from *Huffman, Donald R., Judge.* Judgment entered 20 June 1988 in District Court, UNION County. Heard in the Court of Appeals 18 May 1989.

On 11 May 1987, plaintiff filed complaint seeking absolute divorce and equitable distribution. Defendant answered and joined plaintiff's prayer for absolute divorce and equitable distribution. She also counterclaimed for alimony, temporary alimony, and unjust enrichment. On 24 September 1987, the trial court entered a judgment of absolute divorce. On 17 June 1988, an order was entered distributing the marital property. From this judgment, both parties appealed.

*Griffin & Brooks, by James E. Griffin, for the plaintiff.*

*Harry B. Crow, Jr., for the defendant.*

JOHNSON, Judge.

DEFENDANT'S APPEAL

[1]   The sole issue presented by defendant's appeal is whether "the trial court erred in denying the application by the defendant for judgment against the plaintiff for one-half of the fair rental value of the residence of the parties from the time of the separation of the parties through the date of the hearing." We find no error.

In *Becker v. Becker*, 88 N.C. App. 606, 364 S.E. 2d 175 (1988), this Court held that a trial court may not award rental value of

BLACK v. BLACK

[94 N.C. App. 220 (1989)]

the marital residence for the post-separation period as a part of the equitable distribution proceeding. Therefore, we find that defendant's claim is without merit.

PLAINTIFF'S APPEAL

[2] In his appeal, plaintiff contends "the trial court committed error in assigning a value to[,] and including as marital property of the parties[,] both the net fair market value of the 1982 Ford [t]ruck, and the net present fair market value of a lease of said truck entered into between the plaintiff and a North Carolina corporation known as S. J. Black and Son, Inc. as of the date of separation of the parties." Again, we find no error.

The trial court found that as of the date of separation, the 1982 Ford LTL 9000 truck had a value of $34,500.00 and was encumbered by a lien in the amount of $34,300.00. Thus, the court found that the truck had a fair market value of $200.00. The court also found that the plaintiff had leased the truck and that the lease had a fair market value of $29,444.00.

Defendant argues that by making these findings the court double valued the truck. Both the findings concerning the value of the truck and the value of the lease are supported by competent evidence in the record. It also appears to this Court that the truck and the lease are two separate items of property. Therefore, the trial judge properly valued the truck and the lease as separate assets. In view of the fact that all the findings of fact are supported by competent evidence in the record, *Johnson v. Johnson*, 78 N.C. App. 787, 338 S.E. 2d 567 (1986), we conclude that the trial court properly valued the truck and the lease of the truck.

The judgment of the trial court is in all respects affirmed.

Plaintiff's Appeal: AFFIRMED.

Defendant's Appeal: AFFIRMED.

Judges EAGLES and ORR concur.