STILLER v. STILLER

[98 N.C. App. 80 (1990)]

---

ANN L. STILLER v. LEWIS E. STILLER

No. 8922DC538

(Filed 3 April 1990)

**1. Divorce and Alimony § 30 (NCI3d)— equitable distribution— correspondence between defense attorney and judge—no undue influence**

There was no merit to plaintiff's contention in an equitable distribution proceeding that correspondence from defendant's counsel to the trial court unduly influenced the court in favor of defendant, since the letters concerned plaintiff's lack of timely response to the trial court's instructions and defendant's objections to plaintiff's proposed order of distribution; defendant's counsel always sent copies of his letters to opposing counsel; plaintiff failed to show any undue influence on the court; and if defendant's counsel violated a Rule of Professional Conduct, the appropriate forum for that inquiry was the State Bar.

**Am Jur 2d, Attorneys at Law § 42.**

STILLER v. STILLER

[98 N.C. App. 80 (1990)]

2. **Divorce and Alimony § 30 (NCI3d) — equitable distribution — retirement benefits — improper method of valuation**

The trial court in an equitable distribution proceeding erred in using the "withdrawal value" to determine the respective values of the parties' vested retirement benefits.

**Am Jur 2d, Divorce and Separation §§ 905, 906, 921.**

3. **Divorce and Alimony § 30 (NCI3d) — equitable distribution — expenses of parties properly considered**

The trial court in an equitable distribution proceeding did not err in failing to credit plaintiff with the value of repairs made to the marital home and payment of property taxes, both paid and coming due after the date of separation, nor did the court use these payments made by plaintiff as an "offset" against the fair rental value of the house during the period of separation.

**Am Jur 2d, Divorce and Separation § 903.**

APPEAL by plaintiff from judgment entered 2 February 1989 by *Judge Robert W. Johnson* in DAVIE County District Court. Heard in the Court of Appeals 21 December 1989.

This is an equitable distribution of marital property case. Plaintiff Ann Stiller and defendant Lewis Eugene (Gene) Stiller were married on 25 May 1963, separated on 19 November 1986 and divorced on 27 January 1988. On 28 November 1988 at the parties' request an equitable distribution hearing was held. Both parties presented evidence as to the existence and value of their marital property. Most of the evidence presented dealt with each party's individual pension and retirement benefits. From 1 November 1977 through the date of separation plaintiff was employed by the Davie County Hospital. From 13 July 1970 through the date of separation defendant was employed by Ingersoll-Rand. As of the date of separation both parties' pensions and retirement benefits were vested. Pursuant to G.S. 50-20(b)(1) the trial court properly included them as marital property.

The parties stipulated to the value of their assets other than their retirement and pension plans. The values the trial court placed on the parties' other assets are not in dispute here.

STILLER v. STILLER

[98 N.C. App. 80 (1990)]

The trial court concluded as a matter of law that an equal division of the marital property would be equitable. The trial court found that the total value of the marital property was $151,378.18 ($137,427 stipulated value plus value of plaintiff's vested pension) and that the total marital debt equaled $63,220.85 of which defendant had paid or assumed $8,866.95. After making adjustments based on stipulations of the parties, the net value of the marital property was $88,157.33. The trial court also valued the parties' pension benefits, finding the plaintiff's interest was worth $13,951.18 and defendant's interest was worth $.00. The trial court ordered plaintiff to pay a distributive award to defendant of $40,413.61. From the trial court's order establishing valuation and providing for a distributive award, plaintiff appeals.

*Hall and Vogler, by William E. Hall, for plaintiff-appellant.*

*Brock & McClamrock, by Grady L. McClamrock, Jr. and Michael J. Parker, for defendant-appellee.*

EAGLES, Judge.

Plaintiff asserts various bases for her argument that the order of the trial court should be reversed. First, plaintiff argues that the trial court was unduly influenced by correspondence from defendant's attorney after oral argument. Plaintiff also argues that the court erred in determining the value of defendant's retirement benefits. Third, plaintiff argues that the trial court erred in failing to give her credit for the value of repairs she made to the marital home after the date of separation and the property taxes she paid on the marital home. Plaintiff's fourth argument is that the court erred in its distribution of marital property and failed to support its distribution with sufficient findings of fact. Plaintiff also argues that the trial court erred in assigning marital debts to her that were not supported by sufficient findings of fact. Finally, plaintiff asserts that the trial court failed to make sufficient findings of fact to support its order and judgment. We agree with plaintiff's argument regarding the values the court placed on the parties' vested pension benefits. However, we disagree with plaintiff's other arguments. Therefore, we reverse and remand for re-evaluation of the parties' pension benefits.

[1] Plaintiff's first argument is that the correspondence between defendant's counsel and the trial court unduly influenced the court in favor of defendant. Plaintiff argues that defendant's counsel

violated various Rules of Professional Conduct in sending letters to the trial court after the hearing was completed. We find no merit in plaintiff's argument. The letters concern plaintiff's lack of timely response to the trial court's instructions and defendant's objections to plaintiff's proposed order of distribution. Defendant's counsel always sent copies of his letters to opposing counsel. Although the letters arguably may contain remarks and references that were not absolutely necessary to carry out the court's business, plaintiff has failed to show that these remarks resulted in "undue influence" on the trial court. Additionally, we note that if plaintiff feels that defendant's counsel has violated a Rule of Professional Conduct the appropriate forum for that inquiry is the State Bar.

[2] Plaintiff's second argument is that the trial court erred in failing to place a value on defendant's vested retirement benefits. The trial court found that it was

> unable to make a finding of fact as to the present worth of future expected benefits based upon the evidence presented by the plaintiff. Consequently, the court bases its valuation of retirement benefits on present value and finds as a fact that the plaintiff's vested retirement at Davie County Hospital is valued at $13,951.18 and the value of the defendant's vested retirement at Ingersoll-Rand Company is $.00.

It is clear from the record that the court determined the value of the retirement benefits by using the "withdrawal value" of the parties' vested pensions. Defendant's employer submitted an affidavit to the effect that defendant could not withdraw any sum from his retirement plan prior to retiring. The trial court also used the "withdrawal value" of plaintiff's pension to arrive at its value. We find that the trial court erred in using the "withdrawal value" to determine the respective values of the parties' vested retirement benefits.

G.S. 50-20(b)(1) provides, in pertinent part, that "[m]arital property includes all vested pension, retirement, and other deferred compensation rights. . . ." Our Supreme Court has stated that "both present value and fixed percentage are permissible methods of evaluating pension and retirement benefits in arriving at an equitable distribution of marital property." *Seifert v. Seifert*, 319 N.C. 367, 371, 354 S.E.2d 506, 509, *reh'g denied*, 319 N.C. 678, 356 S.E.2d 790 (1987). We have found no reported case in this jurisdiction where a court has used the "withdrawal value" to deter-

mine the value of vested pension and retirement benefits in an equitable distribution action. We decline to accept this valuation method where, as here, the pension plan does not allow early withdrawal of accumulated monies. We note that there was evidence that defendant's "accrued monthly benefit," calculated as of 1 December 1986, was $312.00. A value of $.00 placed on defendant's right to receive this money in the future does not "reasonably approximate[ ] the net value of the [defendant's] interest." *Poore v. Poore*, 75 N.C. App. 414, 419, 331 S.E.2d 266, 270, *disc. rev. denied*, 314 N.C. 543, 335 S.E.2d 316 (1985).

Defendant argues that, even if the trial court erred in using the "withdrawal value" of the pensions, plaintiff is not prejudiced by the error because both parties' pensions were evaluated using the same method. The facts are to be found by the trial court and we decline to speculate as to the value, determined by either a present value method or fixed percentage of future payments method, of the parties' respective pension and retirement benefits. Therefore, we cannot say plaintiff suffered no prejudice by this error.

[3] Plaintiff's third argument is that the trial court erred in failing to credit her with the value of repairs made to the marital home and payment of property taxes, both paid and coming due after the date of separation. Plaintiff also argues that the trial court erroneously used these payments made by plaintiff as an "offset" against the fair rental value of the house during the period of separation. The basis of plaintiff's argument is finding of fact #9 where the court stated

> any taxes, insurance, repairs and maintenance on the marital home from and after the separation paid for by the plaintiff would be more than offset by the fair rental value of the house which the plaintiff gained the benefit of, and that any repairs to the house that increased its value occurred after the stipulation of value between the parties hereto and consequently the plaintiff would retain the benefit of it by the distribution of the house to her in kind.

Plaintiff argues that this finding effectively awarded to the defendant the fair rental value of the house which is prohibited by *Black v. Black*, 94 N.C. App. 220, 379 S.E.2d 879 (1989). We are unpersuaded by plaintiff's argument. In *Black* this court reiterated that "a trial court may not award rental value of the marital residence for the post-separation period as a part of the equitable distribution

STILLER v. STILLER

[98 N.C. App. 80 (1990)]

proceeding." *Id.* at 221-22, 379 S.E. 2d at 880. In *Becker v. Becker*, 88 N.C. App. 606, 364 S.E.2d 175 (1988), this court stated that the trial court could consider as a distribution factor exclusive use of the marital home by one party during the period of separation while that party maintained the home and paid taxes and insurance. Here the trial court's finding related to its conclusion that an equal distribution would be equitable. We find no error.

Plaintiff also argues that the trial court erred in its distribution of marital property and that it failed to support its conclusions with sufficient findings of fact. Plaintiff argues that the equal distribution in this case is not equitable. Plaintiff relies on the parties' earning disparity (her salary is almost twice as much as defendant's), her debt burden compared to defendant's, her post-separation expenditures on the marital home and her contention that she contributed more to the marital estate than defendant. These arguments are without merit. The Equitable Distribution Act was enacted to protect the party whose contribution to the marital estate was not necessarily monetary. *See White v. White*, 312 N.C. 770, 324 S.E.2d 829 (1985). To accept plaintiff's argument here would be contrary to the spirit and letter of the Act.

Plaintiff also argues that the trial court relied on disputed stipulations to make its distribution of the marital property, "stipulations" to which plaintiff never agreed. Specifically, plaintiff asserts that the trial court's finding of fact #11 was in error. The trial court found that

the parties hereto have stipulated and agreed that each party is to have as their sole and separate property under equitable distribution the following marital property:

To Ann L. Stiller

(a) House and lot. . . .

All evidence in the record reflects that plaintiff wanted to retain the home and we find no error in the trial court's finding.

Plaintiff argues that the trial court erred in concluding that certain marital debts ought to be assigned to her on the ground that the conclusion was not supported by sufficient findings of fact. Plaintiff asserts that the court improperly assigned debts to her without sufficient findings that the assignment would not impose an "undue hardship" on plaintiff. Plaintiff has cited no authori-

ty to support her argument that the trial court must find that a party is financially able to undertake debt payments without undue hardship before assigning a debt to that party. We are not persuaded and accordingly overrule this assignment of error.

Plaintiff's final argument is that the trial court erred in failing to make sufficient findings of fact to support its order. Plaintiff asserts that there was never a stipulation that she would assume possession of certain properties given the enormous amount of debt she was assigned. The trial court found that an equal distribution of the marital assets and debts would be equitable and made its award on that basis. We find no error in that determination. However, one aspect of the court's order of final distribution is erroneous and for that reason the cause must be remanded. The trial court erred in determining the values of the parties' vested pension and retirement benefits.

Accordingly, the order of the trial court is reversed and remanded for reevaluation of the parties' vested pension benefits and entry of an appropriate equitable distribution order consistent with this opinion.

Reversed and remanded.

Judges PHILLIPS and ORR concur.