PAMELA B. FOX (ROGERS), Plaintiff v. JERRY P. FOX, Defendant

No. 9026DC153

(Filed 21 May 1991)

1. **Divorce and Separation § 162 (NCI4th)— equitable distribution—stipulation as to personal property—inclusion in marital estate—application of stipulated credit—error**

   Where the parties stipulated to a division of their personal property which resulted in plaintiff receiving approximately $10,500 worth of property and defendant receiving approximately $3,000 worth of property, and they further stipulated that defendant would receive a $5,000 credit, the trial court erred in including the personal property in its calculation of the marital estate, dividing the estate, determining how much plaintiff needed to pay defendant to make the division equal, and then giving defendant the $5,000 credit.

   **Am Jur 2d, Divorce and Separation §§ 930-936.**

   **Divorce: equitable distribution doctrine. 41 ALR4th 481.**

2. **Divorce and Separation § 168 (NCI4th)— equitable distribution—retirement interest—failure to make findings —error**

   In an equitable distribution proceeding, an issue of fact existed as to whether defendant had vested retirement benefits, and the trial court erred in failing to make findings of fact or conclusions of law about defendant's retirement interest.

   **Am Jur 2d, Divorce and Separation § 921.**

   **Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.**

3. **Divorce and Separation § 112 (NCI4th)— equitable distribution—leased car not marital asset**

   The trial court in an equitable distribution proceeding did not err in failing to classify, value, and distribute a leased car as a marital asset.

   **Am Jur 2d, Divorce and Separation §§ 878 et seq.**

FOX v. FOX

[103 N.C. App. 13 (1991)]

4. **Divorce and Separation § 140 (NCI4th)— equitable distribution—value of partnership—determination proper**

In an equitable distribution proceeding, the trial court did not err in valuing defendant's partnership interest in an accounting firm where the court used the withdrawal formula found in the partnership agreement as the basis for its determination.

**Am Jur 2d, Divorce and Separation § 944.**

**Valuation of goodwill in accounting practice for purposes of divorce court's property distribution. 77 ALR4th 609.**

5. **Divorce and Separation § 155 (NCI4th)— equitable distribution—one party's payment of mortgage, taxes, insurance—consideration by court proper**

In an equitable distribution proceeding, the trial court properly considered plaintiff's making of mortgage payments, payment of property taxes, and payment of homeowner's insurance premiums in its distribution of marital property.

**Am Jur 2d, Divorce and Separation § 893.**

6. **Divorce and Separation § 137 (NCI4th)— equitable distribution—current fair market value of assets considered—no error**

There was no merit to plaintiff's contention in an equitable distribution proceeding that the trial court erred in failing to consider the current fair market value of all the marital assets.

**Divorce and Separation §§ 937 et seq.**

7. **Divorce and Separation § 143 (NCI4th)— equitable distribution—equal division proper**

In an equitable distribution proceeding, the trial court did not err in making an equal division of marital property where the court made sufficient findings to show that it considered the evidence that was presented under the distributional factors of N.C.G.S. § 50-20, and it was clear from the court's order that it considered each of the factors in determining that an equal division of property was equitable.

**Am Jur 2d, Divorce and Separation §§ 870 et seq.**

**Divorce: excessiveness or adequacy of trial court's property award—modern cases. 56 ALR4th 12.**

FOX v. FOX

[103 N.C. App. 13 (1991)]

8. **Rules of Civil Procedure § 59 (NCI3d)— amendment of judgment—power of court to amend on own initiative**

The trial court has the power to amend its judgment on its own initiative within the ten-day period provided by N.C.G.S. § 1A-1, Rule 59(e).

**Am Jur 2d, Judgments §§ 681, 682.**

APPEAL by plaintiff from judgment entered 14 September 1989 and amended judgment entered 19 September 1989 by *Judge Richard D. Boner* in MECKLENBURG County District Court. Heard in the Court of Appeals 15 November 1990.

*Tucker, Hicks, Hodge, and Cranford, P.A., by Fred A. Hicks and Edward P. Hausle for plaintiff-appellant.*

*Garland & Wren, P.A., by Melissa A. Magee for defendant-appellee.*

EAGLES, Judge.

Plaintiff wife appeals from an equitable distribution judgment. The parties were married 28 June 1969, separated on 1 July 1986, and divorced on 17 August 1987.

At the beginning of the equitable distribution hearing, the parties filed a stipulation concerning the division of the parties' household furnishings. Under the stipulation, the plaintiff received approximately $10,599 worth of personal property and defendant received approximately $3,035. The stipulation also provided, "The parties agree that the husband shall receive a credit in the equitable distribution action in the amount of $5,000."

During the hearing, plaintiff contended that the parties' interest in a Porsche automobile and defendant's right to receive retirement payments under the partnership agreement with his accounting firm were subject to equitable distribution. The trial court found that the "[d]efendant had no distributive interest in the automobile for equitable distribution purposes" but made no findings regarding the retirement account.

Additionally, both parties offered expert evidence of the value of defendant's interest in the accounting firm where he was a partner. Plaintiff's expert used the book value approach and arrived at a value of $160,921. Defendant's expert used the withdrawal

formula in the partnership agreement. In his opinion letter he arrived at an "upper range value" of $54,963.73. The trial court followed the withdrawal valuation method used by defendant's expert except that the court declined to consider the effect of income taxes in valuing the partnership interest. The court valued the defendant's interest in the partnership at $70,694.91.

After the equitable distribution judgment was entered, the trial court amended its judgment. The judgment entered 14 September 1989 required plaintiff to pay $35,954.14 at 8% interest in 60 monthly installments. The amended judgment entered 19 September 1989 required plaintiff to pay the same amount in 42 monthly installments. Plaintiff appeals.

[1]	In her first assignment of error, plaintiff argues that the trial court erred in applying the $5000 credit that was provided for in the stipulation. We agree.

The stipulation provided:

1. The items of personal property formerly used by the parties in making a home together are listed on Exhibit A and Exhibit B attached to this stipulation.

2. The parties stipulate and agree that each party shall take as their distributive share those items set forth on Exhibit A to the husband at the values listed and on Exhibit B to the wife at the values listed.

3. The parties agree that the husband shall receive a credit in the equitable distribution action in the amount of $5,000.

Under the stipulation, plaintiff received approximately $10,599 worth of personal property and defendant received approximately $3,035 worth of personal property.

In its order the trial court included this property in its calculation of the marital estate. The court divided the marital estate, determined how much plaintiff needed to pay defendant to make the division equal, and then gave the defendant the $5000 credit. The trial court specifically found in its order that the stipulation did not limit the manner in which the court was to apply the credit. The plaintiff argues that the purpose of the stipulation was to take the listed property out of the marital estate. Plaintiff contends that the court should not have included this property

in the marital estate but should have divided the remainder of the property and added the credit.

The division of marital property is a matter within the discretion of the trial court. "It is well established that where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was clear abuse of discretion." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). We hold that the trial court abused its discretion in misapplying the $5000 credit. The parties agreed (1) that certain property would be divided unequally and (2) that the husband would receive less personal property but would receive a $5000 credit. Here, the trial court applied the credit but in effect ignored the remainder of the stipulation by including the property listed in exhibits A and B when it divided the marital estate equally. In calculating the distributive shares, the trial court should have excluded from the property being distributed the personal property referred to in the stipulation and should have given defendant a credit in the amount of $5,000.

[2] Plaintiff also argues that the trial court erred in failing to classify defendant's retirement account as a marital asset. We agree that the trial court erred by failing to classify the retirement account as either marital or separate property. Article XII of the Partnership Agreement concerns retirement. It provides as follows: "Anyone who was an Equity Partner on November 21, 1980, shall be fully vested at age fifty-five (55) for retirement purposes." Both plaintiff's expert and defendant's expert testified about the value of the retirement interest. The trial court's order makes no findings of fact or conclusions of law about defendant's retirement interest. We hold that an issue of fact existed as to whether defendant had vested retirement benefits and remand to the trial court for appropriate findings.

Because we find that the trial court failed to determine the status of defendant's retirement interest, we hold that the trial court erred in signing, filing, and entering the equitable distribution order of 14 September 1989. "[A]n equitable distribution judgment that fails to list all of the parties' properties and make appropriate findings with respect to them is defective." *Bowman v. Bowman*, 96 N.C. App. 253, 255, 385 S.E.2d 155, 156 (1989).

Plaintiff's remaining assignments of error are without merit.

**[3]** Plaintiff first argues that the trial court erred in failing to classify, value, and distribute a leased car as a marital asset. We disagree and find plaintiff's argument disingenuous. Here, the evidence shows that defendant leased a 1984 Porsche automobile during the parties' marriage. After the separation date, defendant returned the car to the leasing company. Defendant received no money when he returned the car because he had no equity in it. Plaintiff relies on *Black v. Black*, 94 N.C. App. 220, 379 S.E.2d 879 (1989), for the proposition that the fair market value of the lease of the car and the car were two separate items of marital property. We note that in *Black*, the plaintiff owned the truck and leased it out to someone else. Unlike this case, plaintiff in *Black v. Black received* rental payments as income. Plaintiff's argument is without merit. Accordingly, this assignment of error is overruled.

**[4]** Plaintiff also argues that the trial court erred in valuing defendant's partnership interest in the accounting firm of Cherry, Bekaert & Holland. We disagree.

Our task on review is to determine whether the approach used by the trial court reasonably approximates the net value of the partnership interest. *Weaver v. Weaver*, 72 N.C. App. 409, 324 S.E.2d 915 (1985). "Partnership agreements often furnish a useful method for calculating the partnership interest's value, particularly when they do not penalize, or place a premium on the holdings of a particular partner. When the terms of a partnership agreement are used, however, the value of the interest calculated is only a *presumptive* value, which can be attacked . . . as not reflective of the true value." *Id.* at 412, 324 S.E.2d at 917 (citations omitted). Additionally, this Court has noted that valuation depends on the particular facts and circumstances of each case and that the form of the practice, that is whether the practice is a corporation, professional association, partnership or sole proprietorship, makes no difference for valuation purposes. *Poore v. Poore*, 75 N.C. App. 414, 331 S.E.2d 266, *disc. review denied*, 314 N.C. 543, 335 S.E.2d 316 (1985).

In *Weaver v. Weaver, supra*, this Court approved the trial court's use of withdrawal value to value an accountant's partnership interest. There, the trial court added the value of defendant's capital account to the remainder of defendant's partnership interest. The remainder of the partnership interest was calculated using a per-

centage based on partner's prior contribution to fees. This percentage was applied to profits earned for five years from the partner's withdrawal date. This Court determined that this amount accurately reflected his interest in the partnership.

Here, the trial court determined the defendant's partnership interest by using the withdrawal formula found in Cherry, Bekaert & Holland's partnership agreement:

38. The value of defendant's partnership interest is computed as follows:

| | | |
|---|---|---|
| Present value of monthly payments of $701.59 discounted at 8.45% to July 3, 1986 assuming 240 monthly payments commencing October 20, 2007 | | $13,600.74 |
| Cash basis capital at 4-30-87 | $40,999 | |
| Less: Amount contributed during F/Y/E 4-30-87 | (1,500) | |
| Net assumed paid on May 1, 1987 and discounted at 8.42% to July 3, 1986 | 38,500 | $35,917.49 |
| Excess of accrual basis capital over cash basis capital ($11,217.39) payable in 60 equal monthly installments with 6% interest and discounted at 8.42% to July 3, 1986 | | $ 9,904.68 |
| Drawing account balance on July 3, 1986 | | $11,272.00 |
| | | $70,694.91 |

In its order the trial court found:

The formula used by the Court in the paragraph above values the defendant's interest in the partnership by taking into account defendant's interest in common with other partners in partnership assets through consideration of the cash basis capital account and accrual basis capital account and also takes into account the defendant's share of the goodwill of the firm by considering his years of service and his peak earnings. Use of this formula also assures that the defendant is not penalized nor given a premium for his interest in the firm since the withdrawal formula is applicable to all the partners in the firm.

We note that the first item in the trial court's calculation was based on the following provision of the partnership agreement:

The Partnership shall pay to a withdrawing or expelled Partner with five (5) or more years of service as a Partner the following payments from the beginning date until his death, however, payments shall be made for a period of no less than one hundred and twenty (120) and no more than two hundred and forty (240) months, beginning on the latter of the twentieth (20th) day of the month following the effective date of withdrawal or expulsion or on the twentieth (20th) day of the month following the withdrawing or expelled Partner's sixtieth (60th) birthday in an amount computed as follows:

(i) Determine the average of the three (3) highest years' accrual earnings during a period of up to ten (10) years prior to withdrawal or expulsion while a Partner in the Partnership.

(ii) Determine the vested portion of the withdrawing or expelled Partner's payments by multiplying the number of years of service as a Partner (as defined in Paragraph 2.23 herein) by one and six tenths percent (1.6%), however, the vested portion may not exceed forty percent (40%).

(iii) Multiply the vested portion by one twelfth (1/12) of the amount determined in (i) above to determine the monthly payment amount.

We hold that the method used by the trial court reasonably approximates the net value of defendant's interest in the partnership. Under *Weaver* the withdrawal formula is presumptively correct, though it may be attacked if not reasonably representative of the value of the defendant's interest. Additionally, the trial court's approach meets the factors set out in *Poore*. It considers fixed assets, other assets including accounts receivable and the value of work in progress, goodwill, and liabilities. *Poore*, 75 N.C. at 419, 331 S.E.2d at 270. Accordingly, this assignment of error is overruled.

[5] Next, plaintiff argues that the trial court erred by failing to credit plaintiff with reducing the mortgage on the marital home and paying for taxes and insurance. We disagree.

Here, the trial court found that plaintiff made mortgage payments on the property since the date of separation, paid proper-

ty taxes on the residence in 1988, and paid homeowner's insurance premiums for 1986, 1987, and 1988. The court also considered these facts as a distributional factor. Payment by one spouse on a marital home mortgage after the date of separation is a factor appropriately considered by the trial court under G.S. 50-20(c)(11a) and (c)(12) in determining what division of marital property is equitable. *Miller v. Miller*, 97 N.C. App. 77, 387 S.E.2d 181 (1990). We hold that the court properly considered these factors in its distribution of the property.

[6] Plaintiff also argues that the trial court erred in failing to consider the current fair market value of all the marital assets. Plaintiff's argument is without merit. G.S. 50-21(b) provides that "[f]or purposes of equitable distribution, marital property shall be valued as of the date of the separation of the parties." Plaintiff contends that she was prejudiced because she received bank accounts that appreciated at a lower rate than those received by the defendant and an automobile that depreciated between the date of separation and the date of trial. Where there is evidence of active or passive appreciation of the marital assets after the date of separation, the court must consider the appreciation of the asset as a factor under G.S. 50-20(c)(11a) or (12). *Truesdale v. Truesdale*, 89 N.C. App. 445, 366 S.E.2d 512 (1988). Here, the trial court made specific findings regarding the current balance of all bank accounts. The court also considered as a distributional factor "[t]he current disparity in the incomes of the parties, the disparity in earning potential and their current liabilities and assets." Accordingly, this assignment of error is overruled.

[7] Plaintiff next argues that the trial court erred in attempting to divide the marital estate equally by net value. Plaintiff argues that the equal division of property was not supported by sufficient findings of fact. Plaintiff concedes that the trial court made findings of fact regarding the factors the court considered. However, plaintiff contends that the court did not explain how it balanced these factors.

The trial court must make findings and conclusions to support its division of marital property. However, the trial court is not required to recite in detail the evidence it considered in determining what division is equitable. *Armstrong v. Armstrong*, 322 N.C. 396, 368 S.E.2d 595 (1988). "The purpose for the requirement of specific findings of fact that support the court's conclusion of law

is to permit the appellate court on review 'to determine from the record whether the judgment — and the legal conclusions that underlie it — represent a correct application of the law.'" *Patton v. Patton*, 318 N.C. 404, 406, 348 S.E.2d 593, 595 (1986) (quoting *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980)).

Here, the court made sufficient findings to show that it considered the evidence that was presented under the distributional factors of G.S. 50-20. It is clear from the trial court's order that the court considered each of these factors in determining that an equal division of property was equitable. We hold that the findings of fact sufficiently address the statutory factors and support the division ordered.

[8] Plaintiff's final assignment of error is that the trial court erred in amending the 14 September 1989 judgment. This assignment of error is without merit.

We note that before the Rules of Civil Procedure were adopted in North Carolina, the trial court could amend its judgments and orders in both civil and criminal cases only during the term in which they were made. W. Shuford, North Carolina Civil Practice and Procedure, Section 59-18 (3d ed. 1988). "Until the expiration of the term the orders and judgments of the court are *in fieri*, and the judge has power, in his discretion, to make such changes and modifications in them as he may deem wise and appropriate for the administration of justice. . . ." *State v. Godwin*, 210 N.C. 447, 449, 187 S.E. 560, 561 (1936). Rule 59 now governs the amendment of judgments. Plaintiff contends that because Rule 59 does not specifically grant the court the power to amend a judgment on its own initiative, the court has no power to amend its judgment except upon a motion by a party to the action.

Our research disclosed no North Carolina cases that specifically address this point. However, Moore's Federal Practice provides:

> Rule 59(e) is silent on the power of the court to alter or amend a judgment on its own initiative. It could, therefore, be argued that the court lacks power to do so. We believe, that such a position is not sound. The authorizations in Rules 60(a) and 59(d) for the court to act on its own motion are only declaratory examples of the general power of a court to act on its own initiative. We conclude that the court has the power on its own motion to alter or amend a judgment, but if the alteration

**FOX v. FOX**

[103 N.C. App. 13 (1991)]

or amendment is of a substantial character, so that it does not fall fairly within the purview of Rule 60(a), that the court's action to be valid under Rule 59 must be taken by it not later than ten days after the entry of judgment in order to comply with Rule 59.

6A J. Moore, J. Lucas & G. Grotheer, Moore's Federal Practice ¶ 59.12[4] (1991). The authors also note:

> There is another compelling reason why the power to alter a judgment on its own initiative should be recognized in the trial court. Clearly it has the power, within the ten-day period, to grant a new trial on its own initiative under 59(d), and may do so for error of law. The trial court could then grant a new trial because of legal error in the judgment and immediately thereafter grant a summary judgment, basing its action upon the prior record, and frame the new judgment exactly as it would have amended or altered the former judgment. The Rules should not be interpreted to require such circuity.

*Id.* at n. 3 (citations omitted). We are persuaded by this reasoning and hold that the trial court has the power to amend its judgment within the ten-day period provided by Rule 59(e). Here, the initial judgment was entered 14 September 1989 and the amendment was entered 19 September 1989. This assignment of error is overruled.

In summary, we hold that the trial court erred in applying the $5000 credit and in failing to make any findings in regard to defendant's retirement interest. Plaintiff's remaining assignments of error are overruled. Accordingly, the order below is affirmed in part and reversed in part and the matter is remanded for further proceedings not inconsistent with this opinion.

Affirmed in part; reversed and remanded in part.

Judges ARNOLD and PARKER concur.