EUBANKS v. EUBANKS

[109 N.C. App. 127 (1993)]

_____

GRACE WEST EUBANKS v. DAVID M. EUBANKS

No. 924DC186

(Filed 16 February 1993)

1. **Divorce and Separation § 143 (NCI4th)— equitable distribution—equal division of property—unequal division of liquid property**

    The trial court did not abuse its discretion in an equitable distribution action by awarding plaintiff a disparate share of liquid assets where defendant does not allege that the total dollar value of the two halves are unfairly disparate. The division of marital property is within the discretion of the trial court and this distribution of marital assets did not create a manifest injustice.

    **Am Jur 2d, Divorce and Separation § 930.**

2. **Divorce and Separation § 143 (NCI4th)— equitable distribution—equal division—use of distribution factors**

    There was no error in an equitable distribution action where the court consulted N.C.G.S. § 50-20(c) before dividing the marital property equally. Any improper reliance on the

statute was harmless error because the property was divided equally. Equal distribution does not require that each party receive equal percentages of liquid assets.

**Am Jur 2d, Divorce and Separation § 930.**

3. **Divorce and Separation § 164 (NCI4th) — equitable distribution — written stipulation between attorneys — not signed by parties**

A stipulation was properly admitted in an equitable distribution proceeding where the parties' attorneys negotiated a stipulation of certain facts, conferring with the parties between meetings. This written stipulation was signed by the attorneys but not by plaintiff or defendant, and was read into the record without objection. Although defendant now contends that the court erred by not treating the stipulation as an oral stipulation and making the requisite inquiries before admitting the stipulation into the record, the parties played an active role in the negotiations before their attorneys signed the stipulation and the stipulation was offered into evidence by the parties' counsel, accepted by the trial court, and read into the record in the presence of the parties without objection.

**Am Jur 2d, Stipulations §§ 2, 3.**

**Effectiveness of stipulation of parties or attorneys, notwithstanding its violating form requirements. 7 ALR3d 1394.**

Appeal by defendant from judgment entered 23 July 1991 in Jones County District Court by Judge Leonard W. Thagard. Heard in the Court of Appeals 3 February 1993.

On 5 May 1989, plaintiff, Grace West Eubanks, filed a complaint, requesting a divorce from bed and board, temporary and permanent alimony, equitable distribution of marital property, a temporary restraining order, a preliminary injunction, and a protective order. The parties were married on 13 September 1947, separated on 30 April 1989, and divorced on 10 August 1990. On 13 May 1991, Judge Leonard W. Thagard entered an equitable distribution order, which was signed on 23 July 1991. Defendant gave notice of appeal on 6 August 1991.

*J. Allen Murphy for plaintiff-appellee.*

*Judson H. Blount, III for defendant-appellant.*

EUBANKS v. EUBANKS

[109 N.C. App. 127 (1993)]

WELLS, Judge.

[1]  In his first assignment of error, defendant contends that the trial court committed reversible error by awarding plaintiff a disparate share of liquid assets. In essence, defendant is alleging that plaintiff's "half" of the marital estate consists of a greater percentage of liquid assets than defendant's "half" of the marital estate. From the marital property, defendant received $49,114.05 and plaintiff received $48,763.37. Of the $49,114.05 worth of marital property defendant received, $23,998.76 was in the form of liquid assets.[1] Of plaintiff's $48,763.37 share, $40,518.37 consisted of liquid assets and $8,245.00 was in the form of personal property. While the defendant does not allege that the total dollar value of the two halves are unfairly disparate, he contends that it was unjust for the trial court to grant plaintiff more liquid assets than defendant was granted.

"The division of marital property is a matter within the discretion of the trial court. 'It is well established that where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion.'" *Fox v. Fox*, 103 N.C. App. 13, 404 S.E.2d 354 (1991), *quoting White v. White*, 312 N.C. 770, 324 S.E.2d 829 (1985). Defendant cited no authority in support of the assertion that a trial judge must divide the marital estate into equal percentages of liquid assets. Contrary to defendant's assertion, the trial court's distribution of marital assets did not create a manifest injustice. We find no abuse of discretion. Therefore, we find no merit in defendant's first argument.

[2]  In his next argument, defendant contends that the court committed reversible error by consulting N.C.G.S. § 50-20(c) before dividing the marital property equally. In pertinent part, N.C.G.S. § 50-20(c) states that there "shall be an equal division . . . unless the court determines that an equal division is not equitable [at which point the court shall] divide the marital property equitably." The statute then goes on to list twelve factors for the trial court to consider when dividing a marital estate unequally, but equitably. Obviously, if the court divided the property equally after referring

---

1. Defendant received $13,778.90 in securities, a $10,219.86 certificate of deposit, a 3.02 acre parcel of land valued at $3,317.29, personal property (mainly consisting of household furnishings) valued at $9,345.00, and a life estate in the marital home valued by the court at $12,453.00.

EUBANKS v. EUBANKS

[109 N.C. App. 127 (1993)]

to N.C.G.S. § 50-20(c), any improper reliance upon the statute could only result in harmless error, as the property was in fact divided equally. Thus, it seems that defendant's assertion must be based on the proposition that the property was not divided equally. We disagree with that premise. Equal distribution does not require that each party receive equal percentages of liquid. assets. Thus, we find no merit in this assignment of error.

[3] Lastly, defendant refutes the validity of a stipulation concerning the classification and valuation of certain property belonging to the parties. Prior to the start of the equitable distribution trial, the parties' attorneys negotiated a stipulation of certain facts, conferring with the parties between negotiation meetings. This written stipulation was signed by each party's attorney but was never signed by either plaintiff or defendant. Plaintiff's counsel advised the court that the parties had agreed to the stipulation and the stipulation was read into the record, absent any objection from either party. Defendant now asserts that, because the stipulation was not signed and acknowledged by the parties themselves, the court committed reversible error by not treating the stipulation as an oral stipulation and making the requisite inquiries before admitting the stipulation into the record. We disagree.

In *McIntosh v. McIntosh*, 74 N.C. App. 554, 328 S.E.2d 600 (1985), this Court noted that in cases where stipulations concerning marital property in an equitable distribution setting were not reduced to writing, duly executed, and acknowledged, the record must affirmatively demonstrate that the trial court read the stipulation terms to the parties and that they understood the effects of the agreement. While the written stipulation in the case at bar was not signed and acknowledged by the parties themselves, the parties played an active role in the negotiations before their attorneys signed the stipulation. The stipulation was offered into evidence by the parties' counsel, accepted by the trial court, and read into the record in the presence of the parties without objection. We therefore hold that the stipulation was properly admitted.

The trial court's judgment is affirmed.

Judges COZORT and LEWIS concur.