JAMES W. FOSTER, PLAINTIFF v. BARBARA DANIEL FOSTER, DEFENDANT

No. 8722DC1237

(Filed 17 May 1988)

Divorce and Alimony § 30— equitable distribution—life insurance proceeds for death of child—after separation but before divorce—separate property of plaintiff

The trial court did not err in an equitable distribution action by awarding life insurance proceeds for the death of a child to plaintiff where plaintiff was the owner and beneficiary of the policy and there were no vested rights under the policy at the time of separation. The cash value of the insurance policy at the time of separation was marital property since the premiums to that point had been paid with marital assets, but the premiums after separation were paid with plaintiff's assets and therefore the proceeds from the policy were the separate property of plaintiff.

APPEAL by defendant from *Fuller, Judge.* Judgment entered 16 September 1987 in District Court, DAVIE County. Heard in the Court of Appeals 4 May 1988.

This is a civil action for equitable distribution of marital property under G.S. 50-20. The following facts are uncontroverted:

Plaintiff and defendant were married on 12 November 1959. During the marriage, two children, Richie M. Foster and Kathy Foster Bowling, were born. Plaintiff, who was employed as an insurance agent, purchased insurance policies on the life of each child on 22 March 1982. Each policy had a face value of $10,000 with double indemnity for accidental death. Plaintiff was designated as owner and primary beneficiary, and the premiums were paid by monthly payroll deductions from plaintiff's earnings.

On 8 November 1985, plaintiff and defendant separated. At that time the policy on Richie M. Foster had a cash value of $20 and the policy on Kathy F. Bowling had a cash value of $23. Plaintiff continued making payments for the premiums on each policy after the separation.

On 16 February 1986, Richie M. Foster died from injuries sustained in an accident on 25 January 1986. The $20,000 proceeds from the insurance policy were then paid and subsequently held in a trust account.

Plaintiff filed for divorce on 10 November 1986, and the trial court granted absolute divorce on 10 December 1986. On 16 September 1987, after a hearing with respect to the claim for equitable distribution of the cash value of the insurance policies and the proceeds of the death benefits on the life of Richie M. Foster, the trial court entered an order declaring that the cash value of the policies at the time of separation was $43 and that such cash value was marital property, and the court equitably distributed this amount. The trial court further declared the death benefits in the amount of $20,000 on the life of Richie M. Foster were the separate property of plaintiff, and the court ordered that such amount held in trust be awarded to plaintiff. Defendant appealed.

*Petree Stockton & Robinson, by Lynn P. Burleson, for plaintiff, appellee.*

*Henry P. Van Hoy, II, and G. Wilson Martin, Jr., for defendant, appellant.*

HEDRICK, Chief Judge.

The only question presented by this appeal is whether the trial court erred by declaring the proceeds of the insurance on the life of Richie M. Foster were the separate property of plaintiff. Defendant argues this Court should hold that life insurance proceeds collected after separation but before equitable distribution under a policy purchased with marital funds should be classified as marital property to the extent marital funds were used to pay the premiums.

G.S. 50-20 provides, in part:

(a) Upon application of a party, the court shall determine what is the marital property and shall provide for an equitable distribution of the marital property between the parties in accordance with the provisions of this section.

(b) For purposes of this section:

(1) "Marital property" means all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned, except property determined to be separate property in accordance with subdivision

(2) of this section. Marital property includes all vested pension, retirement, and other deferred compensation rights, including military pensions eligible under the federal Uniformed Services Former Spouses' Protection Act.

(2) "Separate property" means all real and personal property acquired by a spouse before marriage or acquired by a spouse by bequest, devise, descent, or gift during the course of the marriage. However, property acquired by gift from the other spouse during the course of the marriage shall be considered separate property only if such an intention is stated in the conveyance. Property acquired in exchange for separate property shall remain separate property regardless of whether the title is in the name of the husband or wife or both and shall not be considered to be marital property unless a contrary intention is expressly stated in the conveyance. The increase in value of separate property and the income derived from separate property shall be considered separate property. All professional licenses and business licenses which would terminate on transfer shall be considered separate property. The expectation of nonvested pension, retirement, or other deferred compensation rights shall be considered separate property.

It is clear that in order for property to be considered marital property it must be "acquired" before the date of separation and must be "owned" at the date of separation.

Defendant relies on *Johnson v. Johnson*, 317 N.C. 437, 346 S.E. 2d 430 (1986), to support her argument that the proceeds were acquired before the separation. In *Johnson*, however, the husband was involved in a serious motorcycle accident *before* his separation and received a settlement after the separation but before equitable distribution. The husband had a claim for damages for personal injuries before the separation and the Supreme Court found that the rights under the claim were marital property. In the present case, however, plaintiff had no claim for the death benefits under the policy at the time of the separation. Indeed, no claim existed at the time of the separation. For this reason, *Johnson* does not support defendant's contention that the proceeds were acquired prior to separation.

In *Hall v. Hall,* 88 N.C. App. 297, 363 S.E. 2d 189 (1987), this Court held that stock options which were vested prior to separation were marital property but those which had not vested prior to separation were separate property. In the present case, at the time of separation there were no vested rights under the insurance policy on the life of Richie M. Foster. The rights only vested at the death of Richie M. Foster, and until then plaintiff, as owner of the policy, could have cancelled the policy or changed the beneficiary. At the time of separation, the cash value of the insurance policies was marital property since the premiums to that point had been paid for with marital assets. The premiums after separation were paid for with plaintiff's assets, and therefore the proceeds from the insurance policy were separate property of plaintiff.

The judgment appealed from is

Affirmed.

Judges WELLS and COZORT concur.