BENJAMIN FRANKLIN BOWMAN, PLAINTIFF v. JOYCE OVERMAN BOWMAN, DEFENDANT

No. 8815DC1051

(Filed 7 November 1989)

**Divorce and Alimony § 30 (NCI3d)— equitable distribution—all marital property not listed—assets valued on date of separation—child support irrelevant**

The trial court's equitable distribution judgment is vacated and remanded where it failed to list all the parties' properties and make appropriate findings with respect to them; however, the court properly failed to find as marital property money which was allegedly in a safe in the parties' house approximately five months before they separated, since marital assets are valued on the date of separation, and properly failed to take into consideration defendant's contention that he supported the parties' minor children for over two years after the date of the separation, since child support is irrelevant to equitable distribution under the provisions of N.C.G.S. § 50-20(f).

**Am Jur 2d, Divorce and Separation §§ 878 et seq.**

BOWMAN v. BOWMAN

[96 N.C. App. 253 (1989)]

APPEALS by plaintiff and defendant from *Betts, Judge.* Judgment entered 27 April 1988 in District Court, CHATHAM County. Heard in the Court of Appeals 14 April 1989.

*Gunn & Messick, by Robert L. Gunn, for plaintiff appellant-appellee.*

*Prickett and Corpening, by J. H. Corpening, II, for defendant appellee-appellant.*

PHILLIPS, Judge.

The equitable distribution judgment appealed by both parties undertakes to divide the parties' marital property valued at $399,659 equally, and to achieve that balance requires defendant to pay plaintiff $51,737.

DEFENDANT'S APPEAL

In distributing the marital assets equally the court found, *inter alia*, that defendant already had possession of various items of personal property cumulatively valued at $75,433.50. Her first contention is that the court's findings as to the following items are not supported by competent evidence:

| Item | Value |
|------|-------|
| (g) 1970 Volkswagen automobile | $ 500 |
| (i) Dining room furniture | 1,000 |
| (j) Kitchen small appliances, pots, pans, dishes, china, silverware and crystal | 750 |
| (l) Living room furniture, at farm | 600 |
| (m) Two bedroom suites, including mattress[es] and springs | 300 |
| (o) Mirrors and trunks, at farm | 500 |
| (p) Curtains, at farm | 300 |
| (q) Linens and pillows, at farm | 100 |
| (r) Blankets and rugs, at farm | 150 |
| (t) Recliner, at farm | 250 |
| Total | $4,450 |

The findings as to items (j), (o), (p), (q) and (r) are clearly supported by evidence, defendant does not argue otherwise, and those findings are affirmed. The findings as to items (g) and (t) are supported by evidence that she gave the car to their adult son and took

**BOWMAN v. BOWMAN**

[96 N.C. App. 253 (1989)]

the recliner, and we affirm those findings. But confusion surrounds the remaining three items—(i), (l) and (m)—and the findings as to them are vacated; because the evidence of both parties indicates that they own other dining room, living room, and bedroom furniture not accounted for in the judgment, an equitable distribution judgment that fails to list all of the parties' properties and make appropriate findings with respect to them is defective, *Cornelius v. Cornelius*, 87 N.C. App. 269, 360 S.E.2d 703 (1987), and accuracy will be promoted by a determination that includes all such articles owned by the parties. Upon remand the court should determine the status, whereabouts and value of all the various sets of furniture testified to by the parties and distribute those maritally owned. We note that if defendant has sets of dining and living room furniture they apparently were not taken from the farm, since plaintiff acknowledged that he took the dining room set from the farm and that the living room furniture remains there. While completing the distribution of the parties' furniture, the court should also note that the evidence indicates that the following articles of personal property, not mentioned in the judgment, are either marital or separate property and that appropriate findings with respect thereto are necessary: (1) Inventory in the parties' store; (2) the refrigerator at the Pender County house; (3) a key machine and keys at the store; (4) shelving, a meat and beer cooler, a produce cooler, and a milk cooler at the store; and (5) several items of antique furniture which plaintiff testified were his separate property, but defendant maintains are marital property.

Defendant also assigns as error the following findings of the trial court:

12. That shortly after October 1, 1986 the defendant, with the assistance of one or more other persons, entered said store premises and took and carried away stock in goods and equipment belonging to plaintiff and worth $19,450.00, without the knowledge, permission or consent of plaintiff, and converted same to her own use.

20. That it is equitable that defendant reimburse plaintiff for the value of the property taken by her as set forth in Finding of Fact no. 12, and that the distributive award referred to in Finding of Fact no. 18 be increased by said amount, to-wit: $19,450.00.

BOWMAN v. BOWMAN

[96 N.C. App. 253 (1989)]

These findings are unsupported by evidence and we vacate them, for plaintiff concedes that the merchandise defendant removed was purchased with funds from the parties' joint bank accounts, which were marital property. Plaintiff's argument that even so the findings are correct because after defendant had removed most of the funds the remaining funds became his "separate" property and merchandise purchased with it was his separate property is without basis; because property acquired through the use of marital property has the same character. *Talent v. Talent*, 76 N.C. App. 545, 334 S.E.2d 256 (1985). Therefore, upon remand the merchandise so purchased must be treated as marital property and defendant credited accordingly.

Defendant's final contention—that the court erred in requiring her to reimburse plaintiff for one-half of the taxes paid on the parties' Pender and Montgomery County real estate for the tax years 1984, 1985 and 1986 since she did not live at either location after they separated—has no basis and is overruled. A debt incurred during marriage for the joint benefit of husband and wife is a marital debt, and taxes on maritally owned property is such a debt. *Byrd v. Owens*, 86 N.C. App. 418, 358 S.E.2d 102 (1987).

PLAINTIFF'S APPEAL

Plaintiff's first assignment of error—that the court erred in refusing to find that defendant took and sequestered to her own use a $3,469 checking account the parties had at First Union National Bank in Siler City—is acknowledged by defendant to be well-founded and upon remand the court will so find.

The next error assigned—failing to find as marital property $46,000 that he claims was in a safe at the parties' Pender County house approximately five months before they separated—has no merit and we overrule it for two reasons. First, defendant testified that there was never more than $2,500 in the safe and this conflict in the evidence was for the finder of fact to resolve. *Williams v. Pilot Life Insurance Co.*, 288 N.C. 338, 218 S.E.2d 368 (1975). Second, since marital assets are valued on the *date of separation*, *Sharp v. Sharp*, 84 N.C. App. 128, 351 S.E.2d 799 (1987), plaintiff's testimony that five months before then funds were in the safe is no basis for overturning the court's failure to find that the money was there five months later.

The final error cited—finding that the equal division of the marital property was equitable although *he* supported the parties' two minor children for over two years after the date of separation—is also overruled, since child support is irrelevant to equitable distribution under the provisions of G.S. 50-20(f).

In vacating the judgment and remanding the matter to the District Court for further proceedings consistent herewith we leave standing the findings of fact not expressly vacated.

Vacated and remanded.

Judges PARKER and COZORT concur.