JAMES ROGER EDWARDS v. JUDITH HURDLE EDWARDS

No. 922DC21

(Filed 4 May 1993)

1. **Divorce and Separation § 117 (NCI4th)— equitable distribution—post-separation appreciation of corporation—no alternate method of classification**

Defendant was not entitled to one half of the increased value of the marital interest in CSC, a corporation formed by plaintiff during the marriage and in which plaintiff and defendant were shareholders, where CSC was valued at 1.4 million dollars at the date of separation and increased in value to 2.5 million dollars on the date of distribution due to a contract which was signed after the separation but for which negotiations had begun while the parties were married. Although defendant concedes that the increase is not marital property as that term is defined in the equitable distribution context, defendant relies upon *Meiselman v. Meiselman*, 309 N.C. 279, and argues that she is entitled to share in the increase as a form of equitable relief. However, defendant did seek relief under N.C.G.S. § 55-14-30 and that statute and *Meiselman* do not provide the parties to an equitable distribution action with a means of circumventing the operation of

1

EDWARDS v. EDWARDS

[110 N.C. App. 1 (1993)]

N.C.G.S. § 50-20 by creating an alternate method for classifying marital property.

**Am Jur 2d, Divorce and Separation §§ 950 et seq.**

2. **Divorce and Separation § 158 (NCI4th)— equitable distribution—two parcels of land—post-separation appreciation**

An equitable distribution action was remanded for clarification where defendant contended that she was entitled to one half of the post-separation appreciation of two parcels of land. Merely qualifying the appreciation as a distributional factor under N.C.G.S. § 50-20(c) does not entitle defendant to half the appreciation. However, it was not clear from the judgment whether the court considered the appreciation of one parcel as a distributional factor under N.C.G.S. § 50-20(c). The division of the property on remand will lie in the discretion of the court after appreciation of the property is properly considered.

**Am Jur 2d, Divorce and Separation §§ 915 et seq.**

3. **Divorce and Separation § 129 (NCI4th)— equitable distribution—corporate bonuses—not vested—not marital property**

The trial court did not err in an equitable distribution action by finding that bonuses were not marital property where the parties separated on 14 March, the corporation (CSC) made the decision to pay bonuses in July, the priority was to ensure that CSC showed a profit, bonuses and profit sharing were paid out of what was left over, and plaintiff and the vice-president determined the amount set aside for profit-sharing and the amount of each employee's bonus based upon their opinion of the contribution of each employee to profits. A bonus based upon work performed during the marriage is not necessarily marital property; the bonus must also be vested. Defendant did not direct the Court of Appeals to any evidence indicating that plaintiff's or defendant's right to receive a bonus was vested on or before the date of separation and, in fact, it appears that a situation may arise where no employee will receive a bonus, so that the bonus certainly could not have vested before CSC decided to pay it.

**Am Jur 2d, Divorce and Separation §§ 905 et seq.**

4. **Divorce and Separation § 119 (NCI4th)— equitable distribution—debt incurred to paint rental house—marital**

The trial court did not err in an equitable distribution action by classifying a debt incurred to paint a rental house as marital where defendant argued that the debt was incurred for plaintiff's benefit because he lived in the house for several months after separation. The court heard testimony that the parties purchased the house during the marriage so that they could receive rental income from it, that the painting was required before it could be rented, and that the painting debt was incurred before separation. Marital debt is a debt which is incurred during the marriage for the joint benefit of the parties and the findings of the trial court are binding when supported by competent evidence.

**Am Jur 2d, Divorce and Separation § 880.**

5. **Divorce and Separation § 158 (NCI4th)— equitable distribution—rental property—rental value after separation**

There was no error in an equitable distribution action in the distribution of the rental value of a house for the period between separation and distribution where defendant contended that she was entitled to one half the fair rental value of the house during that period. The rental value of property after separation is not marital property and defendant is not entitled to a division of the marital property on that basis. The record discloses that the trial court considered plaintiff's post separation use of the rental house under N.C.G.S. § 50-20(c)(11a) and the court ordered an equal distribution which was completely within its discretion.

**Am Jur 2d, Divorce and Separation §§ 915 et seq.**

6. **Divorce and Separation § 148 (NCI4th)— equitable distribution—marital debts—burden of establishing error**

Defendant did not meet her burden of establishing error in an equitable distribution action where she contended that the court correctly calculated the amount of a credit to her for paying certain marital debts, but failed to factor the credit into the final distribution.

**Am Jur 2d, Divorce and Separation §§ 915 et seq.**

EDWARDS v. EDWARDS

[110 N.C. App. 1 (1993)]

**7. Divorce and Separation § 148 (NCI4th)— equitable distribution—payment of debts—necessities**

The trial court correctly ruled in an equitable distribution action that defendant was not entitled to credit for payment of certain debts incurred after separation where defendant claimed that the debts were incurred for necessities. Some of the payments were for child support. Other debts paid by defendant were a house cleaning bill, grocery bills, a clothing bill, a telephone bill, dry cleaning bills, etc. Even if the payments were for necessities, *Beightol v. Beightol*, 90 N.C. App. 58, does not require a spouse to receive credit for paying for necessities after separation.

**Am Jur 2d, Divorce and Separation §§ 915 et seq.**

**8. Divorce and Separation § 158 (NCI4th)— equitable distribution—life insurance policies—post-separation payments**

Defendant wife was not entitled to a credit in an equitable distribution action for post-separation premiums which she paid on life insurance policies insuring herself and the children even though she contended that the contracts were entered into during the marriage and were continuing marital debts. The cash value of the policies on the date of separation was marital property and the court should determine and distribute that amount on remand. Defendant paid the premiums from the date of separation forward, the policies belonged to her, and she is not entitled to a credit for paying those premiums.

**Am Jur 2d, Divorce and Separation §§ 915 et seq.**

**9. Divorce and Separation § 148 (NCI4th)— equitable distribution—post-separation mortgage payments—distributional factor rather than credit—no abuse of discretion**

The trial court did not abuse its discretion in an equitable distribution action by treating defendant's post-separation payments toward mortgages as a distributional factor rather than a credit. The appropriate treatment of post-separation payments made by one spouse toward marital debt will vary depending upon the facts of the particular case and the trial court is in the best position to determine the most equitable treatment of those payments. *Haywood v. Haywood*, 106 N.C. App. 91, will not be interpreted as limiting the treatment which

a trial court may give to post separation payments toward marital debt.

**Am Jur 2d, Divorce and Separation §§ 915 et seq.**

**10. Divorce and Separation § 136 (NCI4th) — equitable distribution — valuation of land — economic life — no supporting evidence**

The valuation of two parcels of land in an equitable distribution action was remanded for clarification or recalculation where the court relied upon an appraiser who determined that each parcel had a forty-year economic life, the court chose to use that appraiser's formula but substituted a thirty-year economic life, and plaintiff did not direct the court on appeal to any supporting exhibits or transcript pages among nearly two thousand pages of material.

**Am Jur 2d, Divorce and Separation §§ 937 et seq.**

**Necessity that divorce court value property before distributing it. 51 ALR4th 11.**

**11. Divorce and Alimony § 165 (NCI4th) — equitable distribution — distributive award — payment schedule — within six years of cessation of marriage**

A payment schedule for a distributive award in an equitable distribution action was within the six-year period established by *Lawing v. Lawing*, 81 N.C. App. 159, where plaintiff was ordered to pay an initial sum to defendant and the balance in three installments due on 1 June 1992, 1 June 1993, and 1 June 1994, but defendant argued that the clock started running on 20 November 1987, when an order for alimony *pendente lite* and child support was entered. However, neither an order allowing alimony *pendente lite* nor a child support order constitutes a cessation of the marriage. The order granting divorce was entered 3 June 1988 and the schedule falls within the six-year period.

**Am Jur 2d, Divorce and Separation §§ 870 et seq.**

**12. Divorce and Alimony § 158 (NCI4th) — equitable distribution — equal distribution — factors — loss of rental income**

An equitable distribution action was remanded for clarification where defendant contended that the trial court erred by ordering an equal distribution but the court's findings under

EDWARDS v. EDWARDS

[110 N.C. App. 1 (1993)]

N.C.G.S. § 50-20(c) reflect that the court considered the factors argued by defendant, except perhaps one. The court was to clarify this issue on remand, specifically determining if defendant is losing rental income, and consider either result as a factor in determining whether to order an equal division. The decision to order an equal or unequal division remains in the discretion of the court.

**Am Jur 2d, Divorce and Separation §§ 915 et seq.**

Appeal by defendant from judgment entered 12 July 1991 by Judge Hallet S. Ward in Beaufort County District Court. Heard in the Court of Appeals 9 December 1992.

Plaintiff, James Roger Edwards, filed for divorce on 12 May 1988. Defendant, Judith Hurdle Edwards, answered and counterclaimed for equitable distribution. Judgment of divorce was entered on 3 June 1988, preserving the equitable distribution claim for later determination. The trial court ordered an equal division of property and entered judgment accordingly. From this judgment defendant appeals.

*Harris, Mitchell, Hancox & VanStory, by Ronnie M. Mitchell, for plaintiff appellee.*

*Blount & Crisp, by Nelson B. Crisp; and Glover & Petersen, P.A., by James R. Glover, for defendant appellant.*

ARNOLD, Chief Judge.

[1] Plaintiff and defendant were shareholders in Charcoal Services Corporation (CSC), a corporation formed by plaintiff during the marriage. On the date of separation, CSC was valued at 1.4 million dollars and increased in value to 2.5 million dollars on the date of distribution. The increase in value was due to the signing of a contract known as the "Peace Shield" Saudi Contract (the contract). Negotiations for the contract began while the parties were married, but the contract was not final until it was signed in June of 1987, approximately 3 months after the date of separation. On appeal, defendant argues that she is entitled to one half of the increased value of the marital interest in CSC.

Apparently defendant concedes that this increase is not marital property as that term is defined in the equitable distribution context. Nonetheless, defendant argues that she is entitled to share

in the increase as a form of equitable relief. She relies upon *Meiselman v. Meiselman*, 309 N.C. 279, 307 S.E.2d 551 (1983) for that proposition. However, *Meiselman* is not applicable to this case. In *Meiselman*, our Supreme Court set out "the analysis a trial court is to apply in determining whether relief should be granted to a complaining shareholder *seeking relief under N.C.G.S. § 55-125(a)(4)* [now 55-14-30(2)(ii)]." *Meiselman*, 309 N.C. at 296, 307 S.E.2d at 562 (emphasis added). Defendant points out that, according to *Meiselman*, a minority shareholder is entitled to alternative forms of relief other than dissolution. *Meiselman*, 309 N.C. at 301, 307 S.E.2d at 564. From that standpoint defendant argues that, as an alternative form of relief, she is entitled to share in the post-separation appreciation of CSC.

This argument is of no avail. Defendant did not seek relief under N.C. Gen. Stat. § 55-14-30, and therefore *Meiselman* does not apply. Furthermore, we do not believe that N.C. Gen. Stat. § 55-14-30 and *Meiselman* provide the parties to an equitable distribution action with a means of circumventing the operation of N.C. Gen. Stat. § 50-20 by creating an alternative method for classifying marital property.

[2] Defendant also claims, in argument IV, that she is entitled to one half of the post-separation appreciation of two parcels of land labelled CSC 1 and CSC 2. CSC 1 and CSC 2 are the parcels on which CSC is located. Both parcels were classified as marital property and distributed to plaintiff in the final judgment. Also included in this argument is another attempt by defendant to share in the post-separation appreciation of CSC itself. If defendant is arguing that all of the appreciation should be considered as a factor under G.S. § 50-20(c), and as a result of this consideration should be divided in half, she is mistaken. Merely qualifying this post-separation appreciation as a distributional factor under G.S. § 50-20(c) does not entitle defendant to half of the appreciation. The factors under G.S. § 50-20(c) are used by the court to determine if an equal award is not equitable. N.C. Gen. Stat. § 50-20(c) (Cum. Supp. 1992). Nowhere in G.S. § 50-20(c) is the court instructed to divide post-separation appreciation. In fact, the court is not permitted to divide the appreciation on a particular asset because that appreciation is not marital property. *Truesdale v. Truesdale*, 89 N.C. App. 445, 448, 366 S.E.2d 512, 514 (1988).

EDWARDS v. EDWARDS

[110 N.C. App. 1 (1993)]

The court was required to consider the appreciation as a distributional factor. "Where there is evidence of active or passive appreciation of the marital assets . . . the court must consider such appreciation as a factor under G.S. § 50-20(c)(11a) or (12), respectively." *Mishler v. Mishler*, 90 N.C. App. 72, 77, 367 S.E.2d 385, 388, *disc. review denied*, 323 N.C. 174, 373 S.E.2d 111 (1988). The court apparently found that CSC 2 appreciated in value, but it is not clear from the judgment if the court considered the appreciation as a factor under G.S. § 50-20(c). The court did not list this post-separation appreciation among the other factors it considered under G.S. § 50-20(c), therefore we remand for clarification or for the court to consider the appreciation of the property. *See Locklear v. Locklear*, 92 N.C. App. 299, 306, 374 S.E.2d 406, 410 (1988), *disc. review allowed*, 324 N.C. 336, 378 S.E.2d 794 (1989). As for the appreciation of CSC itself, the judgment clearly recites that this appreciation was considered under G.S. § 50-20(c)(12).

Defendant also contends in this argument that the trial court erred by ordering an equal distribution in light of these factors. As stated above, we are not sure that the trial court considered the appreciation of CSC 1 and CSC 2. At this point we can only note that the trial court is granted wide discretion in equitable distribution cases. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *Id.* On remand the court must consider the appreciation of CSC 2, no matter if it is active or passive. If there is any appreciation of CSC 1, the court must consider that as well. After properly considering these factors, along with the others, the division of property will lie in the discretion of the trial court.

[3] In argument V, defendant challenges the trial court's classification of bonuses paid to her and plaintiff by CSC. Defendant argues that the trial court erred in finding that the bonuses were not marital property. We disagree.

The evidence produced at trial establishes that the parties separated on 14 March 1987, that CSC's fiscal year ended 30 April 1987, and that the decision to pay bonuses was made in July 1987. The practice of CSC was for plaintiff and the vice president of CSC to receive CSC's year-end books by the first week in July,

EDWARDS v. EDWARDS

[110 N.C. App. 1 (1993)]

and, based upon the figures in those books, decide what amount of money to set aside for bonuses and profit sharing. The first priority was to ensure that CSC showed a profit—bonuses and profit sharing were paid out of what was left over. After an amount was set aside for bonuses, the amount of each employee's bonus was determined. The determination was based upon plaintiff's and the vice president's opinions of what the employee contributed to CSC's profits.

We agree with the trial court that defendant did not meet her burden of proving the bonuses were marital property. The bonuses were based upon the employee's performance over the previous year and were therefore a form of deferred compensation. N.C. Gen. Stat. § 50-20(b)(1) defines all vested pension, retirement, and other deferred compensation rights as marital property. However, the statute goes on to state that "the expectation of nonvested pension, retirement, or other deferred compensation rights shall be considered separate property." N.C. Gen. Stat. § 50-20(b)(2) (1987 & Cum. Supp. 1992).

"Vesting is crucial in distinguishing between marital and separate property under N.C.G.S. §§ 50-20(b)(1) and (2)." *Boger v. Boger*, 103 N.C. App. 340, 344, 405 S.E.2d 591, 593 (1991). Defendant's evidence on this issue is the testimony outlined above wherein plaintiff describes the time and method for determining bonuses. Defendant does not direct us to any evidence indicating that plaintiff's or defendant's right to receive a bonus was vested on or before the date of separation. In fact, it appears from the evidence that a situation may arise where no employee will receive a bonus, for example, if CSC shows no profit. If this is the case, the bonus certainly could not have vested before CSC decided to pay it.

A bonus based upon work performed during the marriage is not necessarily marital property. The bonus must also be vested. *See Johnson v. Johnson*, 74 N.C. App. 593, 328 S.E.2d 876 (1985) (expectation of nonvested rights considered separate property), and *Foster v. Foster*, 90 N.C. App. 265, 368 S.E.2d 26 (1988), *disc. review improvidently allowed*, 324 N.C. 245, 376 S.E.2d 739 (1989) (Proceeds from husband's life insurance policy on couple's son did not vest until the son's death, after the date of separation, and therefore were not marital property even though policy was purchased with marital funds.). We find no error in the court's classification of the bonuses.

EDWARDS v. EDWARDS

[110 N.C. App. 1 (1993)]

[4]  In argument VI, defendant argues that the trial court erroneously classified a debt incurred to paint a rental house owned by the parties. The trial court determined that the debt was marital and credited plaintiff for paying it. Defendant argues that plaintiff should not have been credited for paying the painting bill because he did not meet his burden of proving the debt was marital. In further support, defendant argues that because plaintiff lived in the rental home for several months after separation, the painting debt was incurred for his benefit and should be classified as his separate debt.

Marital debt is a debt which is "incurred during the marriage for the joint benefit of the parties." *Geer v. Geer*, 84 N.C. App. 471, 475, 353 S.E.2d 427, 429 (1987). The trial court heard testimony tending to prove that the parties purchased the house during the marriage so they could receive rental income from it, that painting was required before the house could be rented, and that the painting debt was incurred before separation. In equitable distribution, findings by the trial court are binding on the appellate court when supported by competent evidence. *Patton v. Patton*, 78 N.C. App. 247, 255, 337 S.E.2d 607, 612 (1985), *rev'd on other grounds*, 318 N.C. 404, 348 S.E.2d 593 (1986). The trial court had before it competent evidence to support its finding that this debt was marital. The finding will not be disturbed.

[5]  In argument XI, defendant contends that she is entitled to one half the fair rental value of the rental house for the period between separation and distribution. After the parties separated, plaintiff used the rental property for storage and rented it at various times for between $175.00 and $250.00 per month. Plaintiff received the rental house in the final judgment.

The rental value of the property after separation is not marital property. *Becker v. Becker*, 88 N.C. App. 606, 607, 364 S.E.2d 175, 176 (1988). Plainly then, defendant is not entitled to a division of the rental value of the property on the basis that it is marital property. If defendant claims the right to one half the rental value of the property on the basis that it is a factor under G.S. § 50-20(c), we have already clarified that this is not a proper ground for division of a particular item of property.

The record discloses that the trial court did consider, pursuant to N.C. Gen. Stat. § 50-20(c)(11a), plaintiff's post-separation use of the rental house. Even considering that factor, the court ordered

EDWARDS v. EDWARDS

[110 N.C. App. 1 (1993)]

an equal distribution which was completely within its discretion. We find no error on this issue.

[6] Defendant contends in argument IX that she was not credited for paying certain marital debts, which she paid out of her separate funds. The trial court determined that defendant was entitled to a credit and calculated the amount of that credit. Defendant agrees with the court's calculation, but she argues that the court failed to factor the credit into the final distribution. After reviewing the calculations, we are not convinced that the trial court failed to credit the defendant. Defendant's argument on this point is brief and difficult to follow. Therefore we hold that she did not meet her burden of establishing error, and we affirm on this argument.

[7] In argument VII, defendant argues that she should be credited for payment of certain debts incurred after separation. Defendant claims the debts were incurred for necessities. Some of the payments for which she seeks reimbursement were payments for child support. As such, they were properly excluded from consideration. N.C. Gen. Stat. § 50-20(f) (1987 & Cum. Supp. 1992). *See also Wiencek-Adams v. Adams*, 331 N.C. 688, 693, 417 S.E.2d 449, 452 (1992).

The other debts paid by defendant appear to be separate debts incurred by her after separation. Defendant claims she is entitled to credit for paying a house cleaning bill, grocery bills, a clothing bill, a telephone bill, dry cleaning bills, etc. Defendant relies upon *Beightol v. Beightol*, 90 N.C. App. 58, 63-64, 367 S.E.2d 347, 350-51, *disc. review denied*, 323 N.C. 171, 373 S.E.2d 104 (1988) as support for the proposition that she should be credited for payments she made for necessities. Even if the payments in question were for necessities, we do not read *Beightol* as requiring a spouse to receive credit for paying for necessities after separation. Defendant does not argue that these were marital debts, so she is not entitled to credit on that ground. We agree with the trial court that defendant is not entitled to a credit.

[8] In argument VIII, defendant claims she is entitled to a credit for premiums she paid on life insurance policies after the date of separation. She is seeking credit only for payments made on the policies insuring her and the parties' children. Defendant argues that because the contracts were entered into during the marriage, they are continuing marital debts for which plaintiff is jointly liable. The only case cited in support of this proposition is *Bowman v.*

*Bowman*, 96 N.C. App. 253, 385 S.E.2d 155 (1989), wherein this Court held that taxes on maritally owned property after separation are a joint debt for which both parties are liable. *Bowman*, 96 N.C. App. at 256, 385 S.E.2d at 157.

We disagree with defendant's argument. We rely instead upon *Foster v. Foster*, 90 N.C. App. 265, 368 S.E.2d 26 (1988), *disc. review improvidently allowed*, 324 N.C. 245, 376 S.E.2d 739 (1989). Although that case did not decide the issue before us now, it offers an analysis which we choose to follow. In *Foster*, the parties owned a life insurance policy on their child. The policy was acquired during marriage and continued in effect after separation. The husband paid the premiums after separation. Before distribution, the child died and the right to receive the insurance proceeds vested. The wife contended that the proceeds from a policy purchased with marital funds were marital property to the extent marital funds were used to pay the premiums. In *Foster*, we stated that at separation, the cash value of the policy was marital property, but that the proceeds were the separate property of the husband because he was paying the premiums at the time the proceeds vested. *Foster*, 90 N.C. App. at 268, 368 S.E.2d at 28.

Likewise, in this case the cash value of the policies on the date of separation was marital property. On remand, the trial court should determine the value of the policies on the date of separation and distribute that amount. From the date of separation forward, defendant paid the premiums, so the policies belonged to her and she is therefore not entitled to a credit for paying those premiums.

[9] In defendant's third argument, she contends the trial court should have credited her with the amount by which she decreased mortgage debt on CSC 1 and CSC 2 after separation. Between the date of separation and the date of final judgment, the parties made equal payments on both mortgages. In the final judgment, plaintiff received both CSC 1 and CSC 2, and was ordered to take sole responsibility for paying the remaining debt on those two parcels. The trial court considered defendant's post-separation payments toward the mortgages as a distributional factor under G.S. § 50-20(c)(11a) rather than crediting defendant for those payments.

We find no error in the trial court's treatment of the post-separation payments toward the mortgage debt. The trial court is required to consider all debts of the parties in determining an

equitable distribution. *Geer v. Geer*, 84 N.C. App. 471, 475, 353 S.E.2d 427, 429 (1987). If the debt is separate, it is a factor to be considered under G.S. § 50-20(c)(1). If the debt is marital, the court has discretion to apportion or distribute the debt in an equitable manner. *Geer*, 84 N.C. App. at 475, 353 S.E.2d at 429-30. In determining how to apportion marital debt, the trial court must decide how to treat post-separation payments made toward the debt. This Court has approved of: ordering one spouse to reimburse the other spouse for post-separation payments made toward marital debt, *Bowman v. Bowman*, 96 N.C. App. 253, 385 S.E.2d 155 (1989), *Rawls v. Rawls*, 94 N.C. App. 670, 381 S.E.2d 179 (1989), considering the post-separation payments as a distributional factor, *Fox v. Fox*, 103 N.C. App. 13, 404 S.E.2d 354 (1991), *Miller v. Miller*, 97 N.C. App. 77, 387 S.E.2d 181 (1990), and crediting a spouse in an appropriate manner for post-separation payments, *Hendricks v. Hendricks*, 96 N.C. App. 462, 386 S.E.2d 84 (1989), *cert. denied*, 326 N.C. 264, 389 S.E.2d 113 (1990), *McLean v. McLean*, 88 N.C. App. 285, 363 S.E.2d 95 (1987), *aff'd*, 323 N.C. 543, 374 S.E.2d 376 (1988), *Hunt v. Hunt*, 85 N.C. App. 484, 355 S.E.2d 519 (1987). In addition, our Supreme Court has impliedly approved of crediting a spouse for post-separation payments made toward marital debt. *Wiencek-Adams v. Adams*, 331 N.C. 688, 417 S.E.2d 449 (1992).

The appropriate treatment of post-separation payments made by one spouse toward marital debt will vary depending upon the facts of the particular case. Accordingly, the trial court is not bound to treat these payments the same way in every case. The trial court is in the best position to determine the most equitable treatment of post-separation payments toward marital debt; therefore, the determination is left to the discretion of the trial court.

We are mindful that this Court's recent opinion in *Haywood v. Haywood*, 106 N.C. App. 91, 415 S.E.2d 565 (1992), *rev'd on other grounds*, 333 N.C. 342, 425 S.E.2d 696 (1993), suggests that post-separation mortgage payments must only be treated as a distributional factor. Giving *Haywood* this interpretation is tantamount to overruling some of the earlier opinions of this Court addressing the same issue, and is therefore impermissible. *In re Civil Penalty*, 324 N.C. 373, 379 S.E.2d 30 (1989). Therefore, *Haywood* will not be interpreted as limiting the treatment which a trial court may give to post-separation payments toward marital debt.

In this case, the trial court decided to treat the post-separation payments toward the mortgages as a distributional factor, and we cannot say that this was an abuse of the court's discretion. Therefore, we affirm the court's treatment of these payments as a distributional factor.

[10] Defendant contends in argument II that the trial court erroneously valued CSC 1 and CSC 2. The value of each parcel was based in part on its economic life. The court relied upon an appraiser who determined that each parcel had a forty year economic life. The court chose to use this appraiser's formula, but substituted a thirty year economic life in its value calculation. Defendant assigns error to the thirty year figure because it is not supported by the evidence.

The court's valuation must be supported by evidence in the record. *Hall v. Hall*, 88 N.C. App. 297, 308, 363 S.E.2d 189, 196 (1987). The judgment states that the thirty year figure was based upon plaintiff's financial statement, in which he uses thirty years as the proper economic life. Defendant points out that the financial statements provided to this Court do not contain evidence of a thirty year economic life figure. Plaintiff does not direct us to any exhibits or transcript pages which support the thirty year figure; he merely relies upon the recital in the trial court's judgment. We will not comb through the transcript and exhibits, which consist of nearly two thousand pages, to find support for this finding.

Plaintiff cites *Nix v. Nix*, 80 N.C. App. 110, 341 S.E.2d 116 (1986) for the proposition that when there is conflicting testimony as to value, the trial court may choose a middle figure after considering the factors involved in the various appraisals. Plaintiff's proposition is correct, but it is no help here. We do not see how the court arrived at the thirty year figure, even though the judgment states it came from plaintiff's financial statement. Without being directed to evidence which supports the thirty year figure, we cannot say the court properly arrived at a figure different from the appraiser's figure.

The judgment states that the court also relied upon "the testimony of both expert appraisers as to the construction and utility of the improvements" on CSC 1. This statement is too vague to support a finding of a thirty year economic life. *See Patton v. Patton*, 318 N.C. 404, 348 S.E.2d 593 (1986).

**EDWARDS v. EDWARDS**

[110 N.C. App. 1 (1993)]

Because we are not directed to any evidence in the record which supports the finding of a thirty year economic life, we remand to the trial court for clarification or recalculation.

[11] In argument X, defendant assigns error to the payment schedule chosen for the distributive award. Plaintiff was ordered to pay an initial sum to defendant, and the balance was due in three equal installments due 1 June 1992, 1 June 1993, and 1 June 1994. Defendant argues that this schedule violates N.C. Gen. Stat. § 50-20(b)(3) and our holding in *Lawing v. Lawing*, 81 N.C. App. 159, 344 S.E.2d 100 (1986).

In *Lawing*, we held that N.C. Gen. Stat. § 50-20(b)(3) authorized "the court to make distributive awards for periods of 'not more than six years after the date on which the marriage ceases'. . . ." *Lawing*, 81 N.C. App. at 184, 344 S.E.2d at 116. Defendant argues that the clock started running on 20 November 1987, when an order for alimony pendente lite and child support was entered. However, neither an order allowing alimony pendente lite nor a child support order constitutes a cessation of the marriage. *Lawing* contemplates the date the marriage ceases as the starting point of the six year period. The order granting divorce in this case was entered 3 June 1988. Accordingly, the schedule set out in the judgment, which ends 1 June 1994, falls within the six year period established in *Lawing*. Therefore, defendant's argument fails.

[12] In her final argument, defendant once again contends the trial court erred in ordering an equal distribution. She lists a variety of factors which she claims support an unequal distribution. The court's findings under G.S. § 50-20(c) reflect that the court considered the factors argued by defendant except perhaps one. It is unclear from the order if the trial court considered that defendant was losing all of her rental income from CSC 1 and CSC 2, if in fact she is losing that income. Plaintiff was awarded CSC 1 and CSC 2 in the judgment, but in its findings under G.S. § 50-20(c)(1), specifically 67(f), the court states that defendant's current income consists partly of CSC rents. It is unclear from the court's language whether the court considered that defendant would receive rental income from CSC up to the date of distribution, or that defendant would continue to receive CSC rents in the future. On remand, the court should clarify this issue, specifically determining if defendant is losing this income, and consider either result

MITCHELL v. NATIONWIDE INS. CO.

[110 N.C. App. 16 (1993)]

under G.S. § 50-20(c)(1) as a factor in determining whether or not to order an equal division. The decision to order an equal or unequal division remains in the discretion of the court.

Reversed and remanded.

Judges JOHNSON and ORR concur.