FREDERICK JASON HOOTS, Plaintiff,
v.
JOANNE GAYLE WYATT WARD HOOTS, Defendant.
No. COA08-385.
Court of Appeals of North Carolina.
Filed April 7, 2009.
This case not for publication
Gayle L. Kemp for plaintiff-appellee.
Timithy R. Cosgrove for defendant-appellant.
GEER, Judge.
Defendant Joanne Gayle Wyatt Ward Hoots appeals the trial court's equitable distribution award, contending primarily that the trial court erred in considering plaintiff Frederick Jason Hoots' post-separation payments on marital debt as a distributional factor rather than classifying those payments as divisible property. We agree with Ms. Hoots and remand for further findings of fact on that issue, as well as further findings as to (1) Ms. Hoots' own post-separation payments on marital debt, (2) divisible property in the form of a post-separation decrease in value of real property, and (3) as to one of the distributional factors.

Facts
Mr. and Ms. Hoots were married on 13 April 1985 and separated on or about 5 May 2002. On 2 June 2004, Mr. Hoots filed a complaint for absolute divorce and equitable distribution. On 2 August 2004, Ms. Hoots filed an answer and counterclaim, admitting the allegations relating to the divorce and seeking equitable distribution and alimony. The trial court entered a judgment for absolute divorce on 16 August 2004.
On 15 October 2007, the trial court entered its order for equitable distribution. In that order, the trial court classified as marital property three tracts of real property in Henderson County owned by the parties. The first tract was an undeveloped 1.01 acre lot with a fair market value of $21,900.00 on the date of separation ("DOS"). The second tract was an 1.13 acre lot and house that had a fair market value of $87,000.00, but was subject to two deeds of trust with balances of $104,571.82 and $50,214.67, leaving a net fair market value of negative $67,786.00 on the DOS. The third tract was an .61 acre lot and house that had a fair market value of $56,500.00, but was subject to a deed of trust for $37,660.00, leaving a net fair market value of $18,840.00 on the DOS. The trial court then classified as marital property and valued as of the DOS several items of personal property owned by the parties, including a television ($600.00), a bed and desk ($1,500.00), a lawnmower ($300.00), wardrobes ($400.00), donkeys ($1,400.00), and multiple vehicles. The trial court concluded that the presumption in favor of an equal distribution had been rebutted. The trial court, therefore, awarded Mr. Hoots the 1.01 acre lot with a DOS fair market value of $21,900.00 and the .61 acre lot, including the mortgage, with a net DOS fair market value of $18,840.00. Ms. Hoots received the 1.13 acre lot, including the mortgages, with a net DOS fair market value of negative $67,786.00. Mr. Hoots also received various items of personal property valued at $26,902.00, while Ms. Hoots received personal property valued at $5,060.00. Ms. Hoots timely appealed to this Court.

Discussion
A trial court is authorized to distribute a divorcing couple's property under N.C. Gen. Stat. § 50-20(a) (2007) (providing that "the court shall determine what is the marital property and divisible property and shall provide for an equitable distribution of the marital property and divisible property between the parties"). Thus, "equitable distribution is a three-step process; the trial court must (1) `determine what is marital [and divisible] property'; (2) `find the net value of the property'; and (3) `make an equitable distribution of that property.'" Cunningham v. Cunningham, 171 N.C. App. 550, 555, 615 S.E.2d 675, 680 (2005) (quoting Soares v. Soares, 86 N.C. App. 369, 371, 357 S.E.2d 418, 419 (1987)).
Our courts have repeatedly stressed that "the distribution of marital property is within the sound discretion of the trial court and will not be overturned absent an abuse of discretion." O'Brienv. O'Brien, 131 N.C. App. 411, 416, 508 S.E.2d 300, 304 (1998), disc. review denied, 350 N.C. 98, 528 S.E.2d 365 (1999). Therefore, in order to successfully challenge a trial court's equitable distribution award, "a party must show that the decision was unsupported by reason and could not have been the result of a competent inquiry." Id. at 416-17, 508 S.E.2d at 304 (internal quotation marks omitted).

I
Ms. Hoots first contends that the trial court improperly considered Mr. Hoots' post-separation payments on certain marital debt as a distributional factor rather than classifying those payments as divisible property. Prior to 2002, the trial court had discretion to determine how to treat a spouse's post-separation payment of marital debt. See Edwards v. Edwards, 110 N.C. App. 1, 13, 428 S.E.2d 834, 840 (setting out various options for trial court's treatment of post-separation payment of marital debt), cert. denied, 335 N.C. 172, 436 S.E.2d 374 (1993); Fox v. Fox, 103 N.C. App. 13, 21, 404 S.E.2d 354, 358 (1991) (recognizing that trial court had discretion to treat post-separation debt payments as distributional factor).
Effective 11 October 2002, however, the General Assembly amended N.C. Gen. Stat. § 50-20 to provide in subsection (b)(4)(d) that "[i]ncreases and decreases in marital debt and financing charges and interest related to marital debt" are to be considered "divisible property" that is subject to equitable distribution. 2002 N.C. Sess. Laws ch. 159, § 33.5. In Warren v. Warren, 175N.C. App. 509, 517, 623 S.E.2d 800, 805 (2006), this Court held that under the newly-amended statute, post-separation payments that decrease the amount of marital debt are divisible property. Because Mr. Hoots' payments decreased the marital debt incurred by the couple, "those payments  to the extent made after 11 October 2002  constituted divisible property." Id.
"The amendment applies only to payments made after 11 October 2002[,]" and, therefore, any payments that pre-dated the amendment "do not fall within the statutory definition of `divisible property.'" Cooke v. Cooke, 185 N.C. App. 101, 108, 647 S.E.2d 662, 667 (2007), disc. review denied, 362 N.C. 175, 657 S.E.2d 888 (2008). In its order, the trial court did not make findings regarding the dates on which Mr. Hoots' payments occurred; it merely found that Mr. Hoots had made such payments after the DOS. As the parties separated on 5 May 2002, it is possible that some of those payments were made before 11 October 2002 and that some of them were made afterwards. Thus, some of the payments may have been properly treated as a distributional factor, while others should constitute divisible property. Warren, therefore, mandates that we remand so that the trial court can "make findings of fact regarding the post-separation debt payments made after 11 October 2002." 175 N.C. App. at 517, 623 S.E.2d at 805.
Mr. Hoots acknowledges that the trial court erred in treating all of his post-separation debt payments as a distributional factor, but argues, relying on this Court's decision in Cooke, 185 N.C. App. at 108, 647 S.E.2d at 667, that any error was harmless. Cooke, however, is inapplicable because the trial court, in that case, made the opposite error of the one in this case. It incorrectly classified payments made before 11 October 2002 as divisible property when those payments did not "fall within the statutory definition of `divisible property.'" Id.
By contrast, here, the trial court treated payments that were required by statute to be considered divisible property as a distributional factor. Consequently, the trial court's error cannot be harmless, because the trial court is specifically required to "value all marital and divisible property . . . in order to reasonably determine whether the distribution ordered is equitable." Cunningham, 171 N.C. App. at 556, 615 S.E.2d at 680.
Mr. Hoots concedes that his mortgage payments on the .61 acre tract and payments he made to Bell South and other creditors are divisible property. He contends, however, that his payments on a loan from Beneficial and on a deficiency judgment resulting from the repossession of a Nissan truck are not divisible property because they were not reductions of marital debt. We agree with Mr. Hoots that his payments on the Beneficial loan debt should not be treated as divisible property, because the trial court concluded in its order that this debt was not a marital debt. As for the Nissan truck judgment, however, the trial court specifically found that the payments on the deficiency judgment amounted to "post-DOS elimination of marital debt." As Mr. Hoots did not cross-assign error to this finding of fact, it is binding, and the trial courtmust on remand treat the post-separation payments on the Nissan truck deficiency judgment as divisible property.
While Ms. Hoots also argues that the trial court erred in failing to consider her post-separation payments on the mortgage for the 1.13 acre lot as a distributional factor, we note that any such payments made after 11 October 2002 would need to be classified as divisible property. Payments made before 11 October 2002 may be treated as a distributional factor. See Hendricks v. Hendricks, 96 N.C. App. 462, 467, 386 S.E.2d 84, 87 (1989) (holding that trial court erred in not giving plaintiff credit for paying off entire remaining mortgage debt on marital property), cert. denied, 326 N.C. 264, 389 S.E.2d 113 (1990); Hunt v. Hunt, 85 N.C. App. 484, 491, 355 S.E.2d 519, 523 (1987) (holding that husband should be credited with amount of separate funds he used to decrease principal owed on the marital home).
In response to this argument, Mr. Hoots contends that Ms. Hoots did not present any evidence about the amount she paid to reduce the debt on the 1.13 acre lot, and the trial court was not, therefore, required to make any findings on that evidence. Since we must, in any event, remand this case for further findings of fact, the trial court may determine in the first instance whether Ms. Hoots presented sufficient evidence on this issue.
Finally, Ms. Hoots argues that the trial court erred in failing to determine how much the value of the 1.01 acre lot was decreased by the construction of a warehouse blocking the view from the lot. We agree with Ms. Hoots that the trial court erred intreating the lot's decrease in value as a distributional factor rather than treating it as divisible property and specifically valuing the decrease. See Edwards v. Edwards, 152 N.C. App. 185, 189, 566 S.E.2d 847, 850 (holding that where value of property changed from date of separation to date of distribution, trial court was required to make findings about value of property as of the date of distribution, because amount of appreciation or diminution in value was divisible property), cert. denied, 356 N.C. 611, 574 S.E.2d 679 (2002). On remand, the trial court must value the decrease in value of the lot caused by the construction of the warehouse.

II
Ms. Hoots next argues that the trial court made inadequate findings of fact regarding certain distributional factors. Our General Assembly has determined that "[t]here shall be an equal division by using net value of marital property and net value of divisible property unless the court determines that an equal division is not equitable." N.C. Gen. Stat. § 50-20(c). The statute further provides that "[i]f the court determines that an equal division is not equitable, the court shall divide the marital property and divisible property equitably" and, in doing so, the trial court "shall consider" the factors set out in the statute. Id. As this Court has held, the trial court must "make specific findings of fact regarding each factor specified in N.C. Gen. Stat. § 50-20(c) . . . on which the parties offered evidence." Embler v. Embler, 159 N.C. App. 186, 188, 582 S.E.2d 628, 630 (2003). Ms. Hoots first contends that the trial court's finding of fact 21 is inadequate because it fails to adequately address the age and income of the parties as required by N.C. Gen. Stat. § 50-20(c)(1) (directing the trial court to consider "[t]he income, property, and liabilities of each party") and § 50-20(c)(3) (directing the trial court to consider "[t]he duration of the marriage and the age and physical and mental health of both parties"). Finding of fact 21 states:
Husband is 46 years old, and makes about $34,000 per year, from employment. Wife will be 52 years old in November of 2007. She receives disability-related payments totaling $17,556 per year. The court has considered these facts as distributional factors.
With respect to the factors set out in § 50-20(c)(3), Ms. Hoots argues that the trial court should have treated the fact that she was older and received disability payments as a distributional factor in her favor. She contends in her brief that "[g]enerally, the Trial Courts would recognize that set of facts as a distributional factor in favor of the wife, however, the Trial Court in the case at hand was silent as to this distributional factor." The trial court, however, made a specific finding as to Ms. Hoots' age and her receipt of disability and stated that it was considering those facts as distributional factors. Ms. Hoots does not point to any other evidence related to this factor or provide any explanation regarding what more the trial court should have found. We, therefore, overrule this assignment of error.
As for § 50-20(c)(1), Ms. Hoots argues that even though the trial court accurately found the parties' respective incomes, the trial court erred by not addressing the future earning capacity of the parties. Our precedent, however, indicates that while the trial court is authorized to make such a finding, it was not required to do so. See Becker v. Becker, 127 N.C. App. 409, 412, 489 S.E.2d 909, 912 (1997) (holding that a court "may consider a party's earning potential as a factor justifying an unequal division of marital property" (emphasis added)); Harris v. Harris, 84 N.C. App. 353, 359, 352 S.E.2d 869, 873 (1987) (holding only that § 50-20(c)(1) grants "the trial court the authority to consider the future prospects of the parties, as well as their status at the time of the hearing"). See also Rice v. Rice, 159 N.C. App. 487, 498, 584 S.E.2d 317, 325 (2003) (citing Harris for proposition that trial court may consider future prospects).
In other words, although the trial court was permitted to take into account future earning capacity as part of its consideration of the parties' income, it was not required to do so. We are not persuaded, on this record, that the trial court erred in not making a finding as to future earning capacity in this case.
Ms. Hoots also argues that the trial court's findings of fact as to other distributional factors are not sufficiently specific or supported by the record. She contends that the trial court should have made a finding as to the value of the tax payments made by Mr. Hoots on the 1.01 acre property after the DOS. Although Ms. Hoots does not specify to which statutory factor this finding relates, it appears that it is relevant to the factor set out in § 50-20(c)(11a), which directs the court to consider "[a]cts of either party to maintain, preserve, develop, or expand . . . the marital property or divisible property, or both, during the period after separation of the parties and before the time of distribution." Mr. Hoots' payments of the property taxes on the property avoided the loss of the property and thus this act was properly considered by the trial court. Because it is the act of paying the taxes that matters under the statute, and Ms. Hoots has made no argument why the amount Mr. Hoots actually paid would have any economic impact on the equitable distribution, we hold that the trial court did not err, on this particular record, in failing to make a specific finding regarding the amount of property tax paid.
Ms. Hoots also assigns error to the trial court's reliance on a distributional factor in favor of Mr. Hoots for his payment of the tax liability caused by Ms. Hoots' early withdrawal of her retirement funds. Ms. Hoots contends that the couple's entire tax liability for the year in which she withdrew her retirement was $14,000.00 and that only part of that tax liability was caused by her withdrawal of the funds. We agree that it is not clear from the record that the entire $14,000.00 tax liability was caused by Ms. Hoots' withdrawal of the retirement funds. Neither party clearly testified that the entire amount that the couple owed in taxes that year was caused by the early withdrawal. Thus, the following portion of the finding is not supported by the record: "Wife's early withdrawal of her retirement account had adverse tax consequences in the form of a $14,000 assessment from the IRS, which was paid out of marital funds . . . ." On remand, the trial court must correct this finding to reflect the evidence presented.

Conclusion
We must vacate the equitable distribution order and remand for further findings of fact. On remand, the trial court must determine which post-separation payments made on marital debt by both Mr. Hoots and Ms. Hoots were made prior to and after 11 October 2002. Those payments of either party made prior to 11 October 2002 may be treated as distributional factors, while those after that date must be treated as divisible property and valued. The trial court must also treat the decrease in the value of the 1.01 acre lot caused by the construction of the neighboring warehouse as divisible property and value it. Finally, the trial court must correct its finding of fact regarding the tax consequences resulting from Ms. Hoots' early withdrawal of her retirement funds.
Because we are remanding for further findings of fact, we decline to address Ms. Hoot's argument that the trial court erred in determining that the presumption in favor of an equal distribution had been rebutted. See Warren, 175 N.C. App. at 518, 623 S.E.2d at 806 (explaining that since it was remanding for further findings of fact, court would not review argument that trial court erred in distributing property equally); Edwards, 110 N.C. App. at 16, 428 S.E.2d at 841 (remanding for further findings of fact regarding classification of post-separation appreciation of property and declining to determine whether trial court erred in ordering an equal distribution).
Vacated and remanded.
Judges ROBERT C. HUNTER and ELMORE concur.
Report per Rule 30(e).