**JERRY L. C., Respondent Below,
Appellant,**

**v.**

**LUCILLE H. C., Petitioner
Below, Appellee.**

Supreme Court of Delaware.

Motion Filed April 23, 1982.

Decided June 17, 1982.

Roderick R. McKelvie of Ashby, McKelvie & Geddes, Wilmington, for respondent-appellant.

Gerald Z. Berkowitz of Berkowitz, Greenstein, Schagrin & Coonin, Wilmington, for petitioner-appellee.

Before HERRMANN, C. J., QUILLEN and MOORE, JJ.

QUILLEN, Justice:

This is an appeal from a Family Court determination involving ancillary matters incident to a divorce. The thoughtful opinion of Judge Wakefield occupies twenty-four tight pages and his careful consideration of the reargument applications runs four more. In short, the case was well tried.

On October 6, 1980, the parties obtained a divorce and thereby terminated a twenty-seven year marriage. As marital partners, the couple enjoyed a fine standard of living. But now, as in most divorce cases, both parties of this discontinued union must adjust to something less than once was. The husband has taken this appeal. He seeks review of several aspects of the Family Court's division of the marital property and allotment of alimony. The wife has filed a motion to affirm pursuant to Supreme Court Rule 25(a).* The immediate question is whether the wife is entitled to an affirmance under the standards set forth in the rule.

The parties are the parents of three children, including one minor who currently resides with the mother. During the first seven years of their marriage, the wife worked as a secretary while the husband served in the Navy, and attended college. In 1960, the husband obtained employment with the DuPont Company. Throughout the last twenty years of the parties' twenty-seven year marriage, the wife, as noted by the Family Court, has contributed greatly to her former husband's advancement in DuPont by handling "her responsibilities as mother, housekeeper, and hostess for the frequent business and social entertaining which they did." The material benefits of the marriage are reflected in the husband's 1980 earnings of $95,000, and a marital estate approximating $335,000.

■ The Family Court Judge, after balancing all of the factors listed in 13 *Del.C.* § 1513 and § 1512, determined that the wife was entitled to 69% of the marital property and, as alimony, an undifferentiated alimony and child support award of $2,500 per month for a period of eighteen months, to be reduced to $1,300 per month thereafter. These awards reflected the fact that at the time of the hearing the wife was totally financially dependent upon her former husband, and needed time to hone her secretarial skills and find "appropriate" employment. There is no doubt that, while these awards to the wife are not pleasant for the husband, he certainly has the better opportunity "for future acquisitions of capital assets and income". 13 *Del.C.* § 1513(a)(5). We find that the record clearly supports the Family Court's determinations.

■ We note that our divorce statute must be "liberally construed and applied".

* Rule 25(a) reads in part:

"(a) Motion to Affirm. Within 10 days after receipt of appellant's opening brief, appellee may, in lieu of a brief, serve and file a motion to affirm the judgment or order of the trial court. The filing of the motion tolls the time for filing of appellee's brief. The sole ground for such motion shall be that it is manifest on the face of appellant's brief that the appeal is without merit because:

(i) The issue on appeal is clearly controlled by settled Delaware law;

(ii) The issue on appeal is factual and clearly there is sufficient evidence to support the jury verdict or findings of fact below; or

(iii) The issue on appeal is one of judicial discretion and clearly there was no abuse of discretion.

The motion to affirm shall state the ground or grounds on which it is based together with citation of authorities and record references to evidence relied upon. It shall not be a brief and shall not contain argument. There shall be no briefing, argument or response to the motion, unless requested by the Court. If the motion to affirm shall be granted by unanimous action of the Court an order or opinion will be entered and a mandate will issue thereon; if the motion shall not be unanimously granted, it shall be denied."

13 *Del.C.* § 1502. The Family Court Judge has discretion in his attempt "[t]o mitigate the potential harm to spouses and their children caused by the process of legal dissolution of marriage". 13 *Del.C.* § 1502(2). If it appears that the Family Court Judge properly considered all of the factors set forth in 13 *Del.C.* § 1513 in undertaking the difficult task of dividing the marital property between the contesting parties, we will uphold his decision. *J. D. P. v. F. J. H.,* Del.Supr., 399 A.2d 207, 210 (1979). Moreover, when the law is clear, the sufficiency of the evidence clear and the exercise of discretion clearly proper, we should not hesitate to grant a motion under Rule 25.

■ The husband's first contention is that the Family Court Judge erred in awarding the wife the marital residence with its equity value reduced by 8% to reflect sales cost, when the wife had not indicated that she currently wished to sell. As we read the opinion below, the Family Court Judge viewed it likely that, considering the wife's "economic circumstances" [13 *Del.C.* § 1513(a)(8)] at this time and for the foreseeable future, there is a substantial likelihood that she will have to sell the property before long. We think it clearly proper for a Family Court Judge to base his valuation of marital property upon an intelligent observation of a party's situation.

■ In his second contention, the husband acknowledges that those pension benefits earned while working at DuPont during his union with the wife are marital property and properly subject to division. *Robert C. S. v. Barbara J. S.,* Del.Supr., 434 A.2d 383 (1981). However, the husband contends that the Family Court Judge's award failed to limit the wife's share to those pension benefits "earned during the marriage." *Id.* at 388.

In *Robert C. S. v. Barbara J. S.,* we made it quite clear that a Family Court Judge was to have "broad discretion in disposing of pension plan benefits" [*Id.* at 387] but suggested that when feasible to "establish for record purposes the present value of the pension benefits." *Id.* The Family Court Judge after examining the written expert opinions which were submitted concluded that fixing a present value was inappropriate in this case and opted for the "if, when and as the benefits are paid" rule espoused in *In re Marriage of Brown,* 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561 (1976); 94 A.L.R.3d 164 (1979). According to *Brown,* if the Family Court Judge concludes that he "should not attempt to divide the present value of pension rights, [he] can instead award each spouse an appropriate portion of each pension payment as it is paid." *Brown,* 126 Cal.Rptr. at 639, 544 P.2d at 567. The Family Court Judge set up the following formula:

| Amount of Retirement Check | x | No. of years worked for DuPont during marriage / No. of years worked for DuPont before retirement | x | Non-employee's entitled percentage |
|---|---|---|---|---|

This formula is similar to that discussed in *In re Marriage of Hunt,* 78 Ill.App.3d 653, 34 Ill.Dec. 55, 63, 397 N.E.2d 511, 519 (1979): "The marital interest in each payment will be a fraction of that payment, the numerator of the fraction being the number of years (or months) of marriage during which benefits were being accumulated, the denominator being the total number of years (or months) during which benefits were accumulated prior to when paid. The trial court, when using this method of allocation, will retain jurisdiction and award the non-employee spouse some percentage of the marital interest in each payment."

The husband's argument that this formula does not limit the wife's share to "pension benefits earned during the marriage" derives from the method used by DuPont in arriving at an employee's pension benefit. In the words of the husband: "The DuPont Company Pension Plan formula is not only tied to years of service, but is also tied to

the employee's average monthly compensation during his or her highest paid 36 consecutive months during the three calendar years in which his or her pay was the highest." It is the husband's position that the formula devised by the Family Court Judge improperly allows the wife to obtain more than she is entitled to because it is likely that the husband's pension benefit will be measured by a 36 month period sometime in the future rather than a period within the years the parties were married.

If we were to accept the husband's argument the result would be that the Family Court would, as a matter of law, have to devise a special formula in every case involving one of the myriad of pension systems that exist, rather than being permitted to use a general formula based on time. We think the Family Court Judge's approach in this case is clearly acceptable. The variable "non-employee's entitled percentage" in the formula used below allows a Family Court Judge, as was done in this case, to weigh in his discretion: (a) the vagaries of the particular pension system before it, and (b) the non-employee's contribution to the former mate's career potential. Since each employment year is counted for pension purposes each contributes to the high salary years. Such factors are properly considered by the Family Court in determining the non-employee's spouse's share to "pension benefits earned during the marriage." We find there is clearly no abuse of discretion on the Family Court's part in awarding the wife forty percent of the husband's retirement benefit prorated for the years of the marriage in relation to the years worked.

In his third contention, the husband argues that the Family Court exceeded its statutory authority when it ordered him "to reinstate the Wife as primary beneficiary on 50% of the face value of his [$350,000] life insurance and provide proof on demand of the premium payments thereon." The Divorce and Annulment Statute specifically provides that:

The Court may also direct the continued maintenance and beneficiary designa-

tions of *existing policies* insuring the life of either party. The Court's power under this subsection shall extend only to policies *originally purchased during the marriage* and owned by or within the effective control of either party.

(Emphasis added) 13 *Del.C.* § 1513(e). At the hearing below, the husband acknowledged that the policy of which we have spoken was originally purchased during the marriage and still exists. The Family Court noted however that after the divorce the husband "changed the beneficiary designations so that the Wife is now the named primary beneficiary of only a $10,-000 policy." Obviously, the statutory power of the Family Court cannot depend on a race between the entry of the order and the direction by a party to change beneficiary designations. By the terms of its order the Family Court properly exercised its clear statutory power over an "existing" policy and, for that reason, we find no legal error. Moreover, while the continued insurance relationship might be a source of friction and indeed will probably be subject to future change as contemplated by the Court below, the decision as to insurance is clearly not an abuse of discretion at this time.

In his fourth contention, the husband argues that the Family Court improperly awarded the wife as part of the alimony "20% of any bonus award made to the Husband in any year payable 1/12 each month following the actual receipt of any such bonus award." As stated above, the Family Court has broad discretion in setting alimony and distributing marital property, and 13 *Del.C.* § 1512(c) specifically states that "[t]he alimony order shall be in such amounts and for such time . . . as the Court shall deem just . . . ." The Family Court's opinion below clearly establishes that the Court considered the relevant factors, and we find no error in the manner in which the Court has set the alimony award. See, *R. E. T. v. A. L. T.*, Del.Supr., 410 A.2d 166 (1979).

Fifthly, throughout the proceedings below the parties held approximately $48,-000 of net proceeds from the sale of their

condominium in escrow. Neither party submitted any evidence reflecting the capital gains tax liability incurred. In its marital property division order, the Family Court awarded the condominium sale proceeds to the wife. Displeased with the Family Court determination the husband, in a motion to reargue, requested the Family Court to reopen the record and consider the tax liability of the condominium sale, but the Court declined to do so. Now, on appeal, the husband argues that the Family Court's refusal to reopen the record violated 13 *Del.C.* § 1513(a)(11) and merits reversal.

It is apparent from the Family Court Judge's opinion that the overall tax consequences of the marital property division along with the alimony and child support award were properly considered pursuant to 13 *Del.C.* § 1513(a)(11) and 13 *Del.C.* § 1512(c)(7). With respect to the more limited argument of the husband, considering the failure of either party to present the readily available evidence on the capital gains tax liability associated with the sale of their condominium during the proceedings below, we think it clear that there was no legal error and no abuse of discretion on the Family Court Judge's part in refusing to reopen the record as requested by the husband. It is a matter of discretion for the Family Court.

This was a long term and successful marriage. The degree of dependency of the wife upon the husband is high. Such marriages are difficult to dissolve. But we do not find that the decision of the Family Court is one-sided and inequitable to the husband's legal disadvantage. To the contrary, in our judgment, there is clearly no abuse of discretion in overall distribution and alimony award.

The judgment of the Family Court is affirmed.