MARGIE S. SEIFERT v. PAUL J. SEIFERT

No. 553A86

(Filed 7 April 1987)

**1. Divorce and Alimony § 30— equitable distribution—pension benefits—payment before actual receipt**

Absent agreement, a court cannot order the immediate or periodic payment of a distributive award of vested pension and retirement benefits prior to actual receipt; however, if the marital estate contains adequate property other than the pension and retirement benefits, an in kind or monetary distribution of these assets may be made which takes into account the anticipated pension and retirement benefits. N.C.G.S. § 50-20(e), N.C.G.S. § 50-20(b)(3).

**2. Divorce and Alimony § 30— equitable distribution—pension benefits—present value and fixed percentage methods**

Where the value of the total marital estate is sufficient to permit it, both present value and fixed percentage are permissible methods of evaluating pension and retirement benefits and arriving at an equitable distribution of marital property; however, the trial court here erred by deferring until actual receipt payments calculated under the present valuation method. N.C.G.S. § 50-20(b)(3).

APPEAL of right pursuant to N.C.G.S. 7A-30(2) from a decision of a divided panel of the Court of Appeals, 82 N.C. App. 329, 346 S.E. 2d 504 (1986), vacating the judgment entered by *Keever, J.,* on 24 September 1985 in District Court, CUMBERLAND County, and remanding for further proceedings. Heard in the Supreme Court 12 March 1987.

*McLeod, Senter & Winesette, P.A., by Joe McLeod and William L. Senter; Reid, Lewis & Deese, by Renny Deese, for plaintiff appellee.*

*Harris, Sweeny & Mitchell, by Ronnie M. Mitchell; Blackwell, Swaringen & Russ, by John V. Blackwell, Jr., for defendant appellant.*

WHICHARD, Justice.

The issue in this equitable distribution action is whether the trial court erred in deferring, until actual receipt, an anticipated award of military pension and retirement benefits calculated under a present value valuation method. We hold that it did.

Plaintiff-wife instituted this action against defendant-husband seeking an absolute divorce, based on separation for one year, and equitable distribution of the marital property. The parties' primary marital assets are their vested individual pension and retirement benefits. They also have $27,000 equity in a house and lot and approximately $15,475 in personal property.

The parties stipulated that plaintiff-wife's pension and retirement benefits had a total value of $43,284.07 on the date of separation, which is the date for valuation of marital property when a divorce is granted based on separation for one year. N.C.G.S. 50-21(b) (1984). Using defendant-husband's base pay on the date of separation, $1,780 per month, the trial court determined that he would have been entitled to $1,112.50 per month in benefits had he retired on that date. The court further determined that as of the date of separation defendant-husband had served twenty-four years and eleven months in the United States Army, of which he was married to plaintiff-wife for twenty-two years and three months. Therefore, eighty-seven and one-half percent of defendant-husband's pension and retirement benefits was earned during the marriage. Using a life expectancy for defendant-husband of 25.5 years and a rate of investment return of ten percent, the court computed the present lump sum value of defendant-husband's pension and retirement benefits at $108,491.60. The court included the full amount as marital property and concluded that an equal division of the marital property would be equitable.

The court then awarded plaintiff-wife the full amount of her vested pension, the house, certain personal property, and $20,966.26 as her share of the present value of defendant-husband's pension. The share of defendant-husband's pension was not to be paid, however, until he began receiving the benefits, and was then payable in monthly installments of $188.07. The court awarded defendant-husband the remaining value of his pension and certain other personal property.

On plaintiff-wife's appeal the Court of Appeals vacated the judgment, holding that "the trial court erred and abused its discretion when, after properly choosing in its discretion to use the present value evaluation method, it impermissibly postponed or deferred payment instead of ordering immediate payment." *Sei-*

*fert v. Seifert*, 82 N.C. App. 329, 339, 346 S.E. 2d 504, 509 (1986). It also implicitly approved the fixed percentage of future payments method of valuation and distribution, finding it consistent with the statute which prescribes acceptable methods of payment of pension and retirement benefit awards.

[1] Chief Judge Hedrick dissented on the ground that an immediate distributive award of the husband's pension would violate N.C.G.S. 50-20(b)(3). He also asserted that the fixed percentage of future payments method, discussed and approved by the majority, violates our statutory and case law by dispensing with valuation of the marital property. *Seifert v. Seifert*, 82 N.C. App. at 339-40, 346 S.E. 2d at 509-10.

N.C.G.S. 50-20(b)(3), in pertinent part, provides:

[A] distributive award of vested pension and retirement benefits may be payments payable:

a. As a lump sum by agreement;

b. Over a period of time in fixed amounts by agreement; or

c. As a prorated portion of the benefits made to the designated recipient at the time the party against whom the award is made actually begins to receive the benefits.

Thus, absent agreement, a court cannot order the immediate or periodic payment of a distributive award of vested pension and retirement benefits prior to the employee-spouse's actual receipt thereof.

Like the majority in the Court of Appeals, however, we do not construe this statute to preclude, absent agreement, application of the present value valuation method to vested pension and retirement benefits in valuing and distributing an entire marital estate. Our statute clearly provides for both in kind and monetary awards in order to achieve an equitable distribution of the marital estate. N.C.G.S. 50-20(e), in pertinent part, provides:

In any action in which the court determines that an equitable distribution of all or portions of the marital property in kind would be impractical, the court in lieu of such distribution shall provide for a distributive award in order to achieve

equity between the parties. The court may provide for a distributive award to facilitate, effectuate or supplement a distribution of marital property.

A "distributive award" is "payments that are payable either in a lump sum or over a period of time in fixed amounts . . . ." N.C.G.S. 50-20(b)(3) (1984). Thus, if the marital estate contains adequate property other than the pension and retirement benefits, an in kind or monetary distribution of these assets may be made which takes into account the anticipated pension and retirement benefits. This is impermissible only when the value of the pension or retirement benefits is so disproportionate in relation to other marital property that an immediate distribution would be inappropriate. *See King v. King*, 332 Pa. Super. Ct. 526, 534, 481 A. 2d 913, 917 (1984).

[2] The fixed percentage method of evaluating pension and retirement benefits also clearly comports with the statute, which provides that a distributive award of vested pension and retirement benefits may be payable "[a]s a prorated portion of . . . benefits . . . [when] the party against whom the award is made actually begins to receive benefits." N.C.G.S. 50-20(b)(3) (1984). Under this method if, after valuing the marital estate, the court finds a distributive award of retirement benefits necessary to achieve an equitable distribution, the nonemployee spouse is awarded a percentage of each pension check based on the total portion of benefits attributable to the marriage. The portion of benefits attributable to the marriage is calculated by multiplying the net pension benefits by a fraction, the numerator of which is the period of the employee spouse's participation in the plan during the marriage (from the date of marriage until the date of separation) and the denominator of which is the total period of participation in the plan. *See Jerry L.C. v. Lucille H.C.*, 448 A. 2d 223, 225 (Del. Super. Ct. 1982). The nonemployee spouse receives this award only if and when the employee spouse begins to receive the benefits. N.C.G.S. 50-20(b)(3) (1984).

Under the fixed percentage method, deferral of payment is possible without unfairly reducing the value of the award. The present value of the pension or retirement benefits is not considered in determining the percentage to which the nonemployee spouse is entitled. Moreover, because the nonemployee spouse

receives a percentage of the benefits actually paid to the employee spouse, the nonemployee spouse shares in any growth in the benefits. *See* N.C.G.S. 50-20(b)(3) (1984) ("Said award shall not be based on contributions made after the separation, but shall include any growth [i]n the amount of the pension or retirement account vested at the time of the separation."). Yet, the formula gives the nonemployee spouse a percentage only of those benefits attributable to the period of the marriage, and that spouse does not share in benefits based on contributions made after the date of separation. *Id.*

Finally, so long as the trial court properly ascertains the net value of the pension and retirement benefits to determine what division of the property will be equitable, application of the fixed percentage method does not, as the dissenting opinion in the Court of Appeals suggests, violate the mandate that the court must identify the marital property, ascertain its net value, and then equitably distribute it. *See Cable v. Cable,* 76 N.C. App. 134, 331 S.E. 2d 765, *disc. rev. denied,* 315 N.C. 182, 337 S.E. 2d 856 (1985) (cited in the dissenting opinion). On the contrary, valuation of these benefits, together with other marital property, is necessary to determine the percentage of these benefits that the non-employee spouse is equitably entitled to receive.

We thus conclude that where the value of the total marital estate is sufficient to permit it, both present value and fixed percentage are permissible methods of evaluating pension and retirement benefits in arriving at an equitable distribution of marital property. Here, however, the trial court erred in deferring, until actual receipt, payments calculated under the present valuation method. As stated by the Court of Appeals: "This, in effect, operated as a double reduction: plaintiff received a *dis‐ counted* value for immediate distribution but nevertheless was required to wait to receive payment until, if and when, the defendant reached retirement and began receiving benefits." *Seifert v. Seifert,* 82 N.C. App. at 338, 346 S.E. 2d at 509. The effect is an unfair or inequitable reduction in the value of the award between the date of separation and the date of the employee-spouse's retirement.

We note that the parties' pension and retirement benefits in this case were so disproportionate in relation to other assets that

there was insufficient marital property from which to make a present equitable award, given the determination that an equal division would be equitable. Thus, if upon remand the trial court again determines that an equal division of the marital property would be equitable, it should value the marital assets (including the pension and retirement benefits), calculate the percentage of the pension and retirement benefits to which plaintiff-wife is entitled, and order a deferred award of such benefits payable when defendant-husband actually begins to receive them. N.C.G.S. 50-20 (b)(3) (1984).

The decision of the Court of Appeals vacating the judgment of the trial court is affirmed. The case is remanded to the Court of Appeals for remand to the trial court for further proceedings not inconsistent with this opinion.

Affirmed.