IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONALD J. BORNE, [1] | § | |
| | § | No. 49, 2019 |
| Petitioner Below, | § | |
| Appellant, | § | |
| | § | Court Below–Family Court |
| v. | § | of the State of Delaware, |
| | § | |
| BETTY H. REYNOLD, | § | File No. CS94-03107 |
| | § | Pet. No. 03-00932 |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: June 28, 2019
Decided: August 27, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     Donald J. Borne appeals the Family Court's January 9, 2019 order that resolved several outstanding motions filed by Borne and his ex-wife, Betty H. Reynold. The Family Court: (i) determined the fraction to be used to calculate Borne's and Reynold's respective shares of each other's military pensions; (ii) concluded that Reynold owed Borne $47,900.40 in military pension arrears, retroactive to June 1, 2012; (iii) granted Reynold's motion to offset the arrearage by

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

sums Borne owed to Reynold under a prior Family Court order; and (iv) denied various other motions filed by Borne, finding them to be "filings seek[ing] to re-litigate previously settled matters that are irrelevant to the issues [pending]."

(2)     On appeal, Borne argues that the Family Court: (i) abused its discretion in granting Reynold's motion to offset; (ii) improperly calculated the amount of Reynold's pension due to him; and (iii) erred in awarding Reynold attorneys' fees. We find no merit to Borne's arguments and affirm.

(3)     The parties were married on April 6, 1981, and divorced on August 6, 2003. The Family Court entered an order related to the parties' ancillary proceedings on April 4, 2006 ("the Ancillary Order"). Under the Ancillary Order, the parties' respective military pensions were to be divided pursuant to the *Cooper* formula with a 50% multiplier.[2] The Ancillary Order also directed that the parties' former marital home and farm property be listed for sale. Eventually, the Family Court entered an order evicting Borne from the property in order to implement the Ancillary Order and we affirmed the court's order.[3]

---

[2] This Court approved the *Cooper* formula as a valid method for dividing pension benefits in *Jerry L.C. v. Lucille H.C.*, 448 A.2d 223, 225-26 (Del. 1982). Under the *Cooper* formula, the non-retiree is entitled to a portion of the fraction composed of a numerator representing the number of months the pension plan participant was married to the non-retiree spouse while in the plan divided by a denominator representing the total number of months that the pension plan participant was in the plan. The resulting fraction is then multiplied by a percentage or "multiplier."

[3] *Bennett v. Bennett*, 2007 WL 2231067, at *1 (Del. Aug. 6, 2007).

(4)     Following the sale of the property, the Family Court entered an order dated February 17, 2009, itemizing the funds Borne owed to Reynold and determining that Borne's debt to Reynold exceeded Borne's share of the net proceeds of the sale by the amount of $56,071.08 ("the 2009 Order").  Accordingly, the court entered judgment for Reynold and against Borne in that amount, together with interest at the legal rate commencing February 17, 2009 ("the Judgment").[4] Borne did not appeal the 2009 Order or the Judgment.

(5)     In 2013, Borne filed a petition for rule to show cause for contempt, fraud, and trespass against Reynold in an effort to challenge the 2009 Order and to collect his share of Reynold's military pension.  The Family Court dismissed the petition, finding it to be an attempt to re-litigate matters previously decided by the court.  The court noted it was "continuing to give [Borne] a chance to end his relentless pursuit of frivolous litigation and harassment of [Reynold]."  Borne next filed a corrected rule to show cause seeking relief on the same grounds.  The Family Court found that the bulk of the rule to show cause—Borne's complaints unrelated to his claim to Reynold's military pension—was "without merit and an attempt to re-litigate matters previously decided" and that Borne's claim to Reynold's military

---

[4] Unbeknownst to the Family Court, Borne had pending bankruptcy proceedings on February 17, 2009.  When the Family Court learned of this fact, it vacated and rescinded the February 17, 2009 order.  After Borne's bankruptcy case was dismissed with prejudice, the Family Court reinstated the February 17, 2009 order in its entirety with a new effective date of May 26, 2009.

pension failed because Borne had not filed a Qualified Domestic Relations Order ("QDRO") as required by the Ancillary Order. Accordingly, the Family Court dismissed the corrected rule to show cause and advised Borne to seek the assistance of an attorney to aid him in drafting the QDRO and submit it to the military to pursue his claim for a portion of Reynold's military benefits.

(6) On January 12, 2017, Borne filed a motion to compel Reynold to produce documentation necessary to prepare a QDRO so that Borne could receive his share of Reynold's military pension. Reynold responded, contesting Borne's method of calculating her military service, and filed a motion to offset any pension benefits due Borne from the Judgment, which remained largely unpaid. Because there was some confusion as to the period of Reynold's service that was used to calculate her pension benefit, the parties conferred with military personnel in November of 2017. The military experts determined the fraction to be used in the *Cooper* formula for Reynold was 162/268. After the conference, counsel for Borne moved to withdraw, noting that Borne had "made it clear that he [intended to take] a position contrary to the advice of counsel." The Family Court held an evidentiary hearing on October 15, 2018.

(7) After filing the January 12, 2017 motion to compel and without the assistance of counsel, Borne also filed (i) a motion for order to show cause for contempt and fraud; (ii) another motion to compel; (iii) a motion for satisfaction of

4

child support; (iii) a motion for discovery for information used in Borne's related Superior Court criminal case; and (iv) a memorandum in support of fraud. All of the filings alleged fraud on Reynold's part in connection with the parties' property division.

(8) The Family Court issued its written decision on January 9, 2019. The Family Court: (i) determined that the fraction representing Reynold's time of military service during the marriage for the purpose of applying the *Cooper* formula was 162/268 and that Borne is entitled to $821.44 per month of Reynold's pension, less her Veterans Affairs ("VA") waiver;[5] (ii) determined that the fraction representing Borne's time of military service during the marriage for the purpose of applying the *Cooper* formula was 3913/4734 and that Reynold will be entitled to 41.33% of Borne's monthly pension payment once he begins to receive benefits; (iii) found Reynold owes Borne $47,900.40 in military pensions arrears, retroactive to her date of retirement, June 1, 2012; (iv) granted Reynold's motion to offset; (v) denied Borne's petition for order to show cause for contempt and fraud, motion to compel, motion for satisfaction of child support, motion for discovery, and

---

[5] The VA waiver allows veterans to waive a portion of their retirement benefits in exchange for VA benefits. Reynold receives a 30% disability benefit due to back injuries sustained during her military service. Disability benefits are not divisible marital property. *R.M. v. L.M.*, 2017 WL 4335170, at *6 (Del. Fam. Ct. July 12, 2017).

memorandum in support of fraud; and (vi) awarded Reynold attorneys' fees and costs. This appeal followed.

(9) Our standard of review of a decision of the Family Court extends to a review of the facts and law, as well as the inferences and deductions made by the trial judge.[6] We have the duty to review the sufficiency of the evidence and to test the propriety of the trial court's conclusions.[7] Findings of fact will not be disturbed on appeal unless they are determined to be clearly erroneous.[8] We will not substitute our opinion for the inferences and deductions of the trial judge if those inferences are supported by the record.[9]

(10) Borne first argues that the Family Court abused its discretion when it granted Reynold's motion to offset and allowed it to "disturb" a prior final property division order. In support of his argument, Borne cites 10 *Del. C.* § 8120 and Family Court Civil Rule 60(b). To the Court's knowledge,[10] Borne failed to raise this argument below so we will not entertain it.[11] In any event, Borne's contention is

---

[6] *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983).

[7] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).

[8] *Mundy v. Devon*, 906 A.2d 750, 752 (Del. 2006).

[9] *Wife (J.F.V.)*, 402 A.2d at 1204.

[10] Borne did not raise this argument in any pleading filed with the Family Court. To the extent Borne may have raised it in open court, Borne did not order the transcript of the evidentiary hearing and we will not speculate as to what transpired.

[11] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

6

unavailing. Borne argues that under § 8120, Reynold's setoff is subject to a three-year statute of limitations. But § 8120 is inapplicable to matters ancillary to a divorce proceeding.[12] Second, the motion for offset was not filed under Rule 60(b), which permits the court to relieve a party from a final judgment upon the party's motion, and the Family Court did not rely on Rule 60(b) in granting the motion. Rather, the court relied upon a Delaware Supreme Court case where we observed, "absent a controlling statute, the setoff of one judgment against another is not a matter of right but is, rather, addressed to the sound discretion of the Court to which application for setoff is made."[13] We went on to conclude that, "only when, in view of all the circumstances, equity and good conscience require [the setoff] be made, substantial justice will be promoted thereby, and the rights and interests of third persons will not be infringed."[14] The record reflects that in 2009, the Family Court calculated the debt Borne owed to Reynold to be in excess of fifty thousand dollars. At the time of the October 15, 2018 hearing, the unrefuted evidence showed that Borne had paid less than ten percent toward the total principal balanced owed. The record also reflects Borne's unwillingness to pay the debt, as evidenced by his ongoing and frivolous efforts to re-litigate the parties' property division. In light of

---

[12] *See Doe v. Doe*, 214 A.2d 558, 559 (Del. 1965) (holding divorce actions are not subject a statute of limitations).

[13] *Pettinaro Contsr. Co., Inc. v. Lindh*, 428 A.2d 1161, 1164 (Del. 1981).

[14] *Id.*

7

those facts, we find the Family Court did not abuse its discretion in granting Reynold's motion to offset.

(11) Borne next argues the Family Court erred when it determined that his share of Reynold's military pension was 30.22%, less her VA waiver, and disputes the amount of pension benefits Reynold owes him retroactively. The Family Court relied upon expert testimony from the Department of the Air Force in determining the number of years of service upon which Reynold's military pension was based. The court then applied the *Cooper* formula with the 50% multiplier to determine the fraction owed to Borne, precisely as directed by the Ancillary Order. To the extent Borne argues the court improperly found that Reynold began receiving her VA waiver on the date of retirement—as opposed to some other, unidentified date— Borne did not present any evidence to contradict that finding.[15] The record supports the Family Court's determination of Borne's share of Reynold's military pension.

(12) Finally, Borne argues the Family Court's award of attorneys' fees to Reynold was an abuse of discretion because the Family Court did not take notice of Reynold's contempt of prior orders of the Family Court and fraud. The Family Court has discretion under 13 *Del. C.* § 1515 to award attorneys' fees.[16] The court awarded

---

[15] The record reflects the Family Court entered an order requiring the Department of the Air Force to release to Borne all documentation pertaining to Reynold's military retirement benefits.

[16] 13 *Del. C.* § 1515 ("The Court from time to time after considering the financial resources of both parties may order a party to pay all or part of the cost to the other party of maintaining or defending any proceeding under this title and for attorneys' fees, including sums for legal services

8

attorneys' fees for two reasons.  First, the court found Borne's conduct was overly litigious and frivolous, causing Reynold to unnecessarily incur attorneys' fees.  Accordingly, it awarded Reynold the attorneys' fees she incurred as a result of Borne's filings that related to previously settled matters.  Second, the court agreed with Reynold that Borne unnecessarily prolonged litigation when the issue of the calculation of Reynold's time of military service for application of the *Cooper* formula could have been resolved after the parties consulted with military experts in November of 2017, and therefore, awarded Reynold fees and costs incurred after the November 16, 2017 teleconference.  The record supports the Family Court's findings and its award of attorneys' fees under the circumstances was not an abuse of discretion.

Accordingly, we find it evident that the judgment of the Family Court should be affirmed on the basis of and for the reasons assigned in the Family Court's well-reasoned January 9, 2019 Order.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

rendered and costs incurred prior to the commencement of the proceeding or after the entry of judgment.").